(No. 19874.

MARY MOORE, Appellee, *vs.* FANNIE ZELIC *et al.*—(NUNCIO BONELLI *et al.* Appellants.)

*Opinion filed February 21, 1930—Rehearing denied April 3, 1930.*

WILLIAM E. RODRIGUEZ, and JOHN E. MOLONY, (JOHN M. HUMPHREY, of counsel,) for appellants.

EDWARD G. BERGLUND, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed a bill for partition in the circuit court of Cook county, alleging that she is the owner of a one-twentieth part of the property described in the bill, located in the city of Chicago. Fannie Zelic was made party de-

fendant as the owner of the nineteen-twentieths of the property, and appellants were made parties defendant as claiming some interest in the property. Fannie Zelic answered admitting the allegations of the bill and consenting to a decree. Appellants filed an answer setting up that they were holders of a judgment which constituted a lien against one-half of the entire premises sought to be partitioned. The bill also prayed the removal of the judgment of the appellants as a cloud on her title. The decree was entered in accordance with the prayer of the bill, and appellants bring the cause here, contending that the evidence does not support the decree and that an act concerning constructive notice of suits in chancery, approved June 11, 1917, is unconstitutional.

It appears from the averments in the bill and the proof offered that the property involved here was in 1916 deeded by Otto and Elizabeth L. Rueter to Louis Scoda and Fannie Zelic Scoda, husband and wife, as joint tenants; that thereafter, on August 15, 1927, Fannie Zelic Scoda filed a bill for divorce in the circuit court of Cook county, in which she alleged that she had furnished the purchase price for this property, and prayed not only for a divorce from Louis Scoda but also that Scoda be required to convey to her the said real estate. This bill for divorce also prayed an injunction against Louis Scoda restraining him from in any way incumbering or disposing of the property. The summons and injunction were served on Louis Scoda on August 30, 1927. On August 20 appellants, who were counsel for Scoda in the divorce proceedings, secured a judgment by confession against Scoda in the sum of $1075 and thereafter sued out an execution. The sheriff levied on all interests of Scoda in the real estate involved here. On May 8, 1928, Scoda's alleged interest in said real estate was sold at sheriff's sale, and appellants purchased the same for the sum of $1179.83 and received a sheriff's certificate of purchase therefor.

The circuit court entered a decree in the divorce proceedings finding that complainant, Fannie Zelic Scoda, had furnished the purchase price for the property held by herself and her said husband, and in addition to the decree for divorce directed Scoda to transfer all right, title and interest held by him in said property in satisfaction of alimony and dower, and on failure so to do that the transfer to her should be made by the master in chancery. Scoda failing to execute the deed, same was executed by the master in chancery and the entire interest in the property was conveyed to Fannie Zelic. By that decree she was also given the right to use her maiden name, Fannie Zelic. On May 5, 1928, she executed a deed conveying a one-twentieth interest to appellee, and thereafter, on May 31, appellee filed the bill in the instant suit. In this bill she sets out the bill and decree for divorce of Fannie Zelic, and alleges that the judgment secured by appellants was secured *lis pendens* and was therefore subject to the rights of Fannie Zelic in the divorce proceeding. Appellants answered the bill for partition, admitting they had notice of the filing of the bill for divorce and that they were the owners of the sheriff's certificate of purchase covering the interest of Scoda in the premises. It appears that testimony was taken before the chancellor involving the issues raised in the divorce proceeding,—that is, whether Fannie Zelic had furnished the purchase money for the purchase of the property involved here,—and that the chancellor proceeded to the conclusion that by the deed to Louis Scoda a resulting trust arose for the benefit of Fannie Zelic Scoda, and all this notwithstanding the rights and interests of the parties to this property had been disposed of in the divorce decree, which was *res judicata* as to all questions raised in that proceeding.

The principal question for review here is whether the judgment of appellants secured August 20, 1927, against Louis Scoda, was *lis pendens* the divorce proceeding. If it

was, then appellants here are without title or interest in the property and the circuit court in the partition proceedings was right in so decreeing.

The bill in the divorce proceedings, filed on August 15, prayed that the interest in the real estate standing in the name of Louis Scoda be transferred to Fannie Zelic Scoda, the complainant. Service of summons and injunction on Louis Scoda was not, however, had until after appellants' judgment was secured, and they contend that the filing of the divorce proceeding prior to the date of their judgment does not constitute ground for holding that they secured their judgment *lis pendens*, for the reason that the summons and injunction had not at that time been served on Louis Scoda, and that the act concerning constructive notice of suits in equity, approved June 11, 1917, providing that constructive notice shall operate from the time of filing the bill, is unconstitutional. Unless this contention can be maintained, the decree in the divorce proceeding giving the entire property to Fannie Zelic gave it to her freed from the lien of appellants' judgment and the decree in this case for partition and removal of appellants' judgment as a cloud is correct.

Appellants contend that the statute referred to violates section 13, article 4, of the constitution, in that it contains more than one subject not expressed in the title and that it amends various sections of the statute without setting out in full the amended act. This act is entitled, "An act concerning constructive notice of suits in equity, proceedings to sell real property of decedents to pay debts, or other suits in the nature of suits in equity, involving real property." It provides (Cahill's Stat. 1929, p. 235): "That every suit in equity, proceeding to sell real estate of decedent to pay debts, or other suit in the nature of suits in equity, affecting or involving real property, shall, from the time of the filing of the bill of complaint or petition, be constructive

notice to every person subsequently acquiring an interest in or a lien on the property affected thereby and every such person and every person acquiring an interest or lien as aforesaid, not in possession of said property and whose interest or lien is not shown of record at the time of filing such bill of complaint or petition, shall, for the purposes of this act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto." This act also provides that if service be not had on the defendant in such bill or petition for a period of six months, then such bill or petition shall cease to be constructive notice until service of summons or publication as required by law is had. It also provides that as to real property situated outside the county where the suit or proceeding is brought, the filing of a bill shall not be constructive notice or subsequent purchasers bound thereby until a notice setting forth the title to the cause, the court where it was brought and a description of the real estate affected, and the object and purpose of the bill or petition, be filed in the office of the recorder of deeds in the county where the property is located.

The most casual reading of the title of this act is sufficient to see that it is not open to objection that it contains subjects not expressed in the title. Nor is it open to the objection that it amends other acts without setting forth the amended act in full. It is an act complete in itself and does not purport to be amendatory of any other act. The entire law on the subject is to be found in the act, and it is not necessary to read other acts or parts of acts to learn the law on the subject in this State. The fact that it may modify or amend by implication any former act does not render it in conflict with the constitution. *In re Bickel,* 301 Ill. 484; *People* v. *Stokes,* 281 id. 159; *New York Central Railroad Co.* v. *Stevenson,* 277 id. 474; *Holmgren* v. *City of Moline,* 269 id. 248; *People* v. *Crossley,* 261 id. 78.

Appellants also argue that the rule recognized both before and after the act in question is, that the mere filing of a bill without service of summons does not constitute *lis pendens,* and that this rule constitutes a vested right, which cannot be taken away by the legislature. They cite *Gage* v. *Chicago Title and Trust Co.* 303 Ill. 569, in support of their contention that this rule has been followed since the enactment of the statute quoted in 1917. While that case was decided in 1922 it was filed in 1916, more than a year prior to the passage of the act complained of.

*Lis pendens* means a pending suit. Under the common law, while a suit was pending nothing in relation to the subject matter thereof could be changed, and one acquiring from a party to the proceeding an interest in the property involved in the litigation, where the court has jurisdiction of the subject matter and of the person of the one from whom the interest is acquired, takes such interest subject to the rights of the parties to the litigation as finally determined, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. (*Norris* v. *Ile,* 152 Ill. 190; 1 Story's Eq. Jur. sec. 406.) The doctrine of *lis pendens* is based on questions of public policy and convenience as necessary to the administration of justice, in order that decisions in pending suits may be binding and of full effect and that an end be had to litigation. (*Davidson* v. *Dingeldine,* 295 Ill. 367; *Norris* v. *Ile, supra.*) Appellants had no vested right or interest in the property involved here unless and until they secured a judgment which could be made a lien against that property. It follows that when the legislature provided that the filing of a bill or petition such as filed in the divorce case herein, and affecting real estate, should be constructive notice to all parties thereafter acquiring interest in the real estate which was subject matter of the suit, they affected no vested right of appellants. The act is remedial in its nature. The legislature may deal with remedies, and in doing so does

not disturb vested rights. (*Kinney* v. *Sherman,* 28 Ill. 520.) Fannie Zelic Scoda's bill in the circuit court seeking a divorce from her husband, Louis Scoda, and praying that the property be set off to her, was "suit in equity" affecting or involving real property and comes squarely within the provisions of the act of 1917 herein quoted. Under that statute, from the date of the filing of the bill appellants and all others had notice of the pendency of a suit in equity affecting this real estate, and whatever rights appellants sought were made subject to the decree of the court in that case. Appellants did not intervene therein, though the record shows they filed notice of a motion to set aside the default against Louis Scoda but apparently abandoned it.

The decree of the circuit court in the divorce proceeding is *res judicata* of the right of Fannie Zelic to the entire property. Her deed therefore vested in appellee a one-twentieth interest in the property, and the decree of the circuit court granting partition in this case upon this showing and removing appellants' judgment and sale as a cloud was correct and will be affirmed. *Decree affirmed.*