**Vivian Iversen, Plaintiff-Appellant, v. Arthur F. Iversen, et al., Defendants. Chester Andree, a/k/a C. R. Andree, Defendant-Appellee.**

**Gen. No. 48,013.**

First District, Second Division.
November 1, 1960.

Homer E. Rosenberg and Frank J. Mackey, Jr., of Chicago, for appellant.

Graham & McElligott and Louis J. DuRocher, of Chicago (Errett O. Graham, of counsel) for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

These consolidated proceedings involve a complaint for divorce and two partition suits. The master to whom the cases were referred under a general order of reference recommended, inter alia, that a judgment by confession obtained by the defendant Chester Andree against the defendant Arthur F. Iversen be vacated. The chancellor approved the master's report in all respects except the recommendation that the Andree judgment be set aside; in a separate decretal order he held it to be a valid and subsisting lien. Vivian Iversen, plaintiff, took a direct appeal to the Supreme Court on the theory that the judgment was a cloud on title to the freehold estates involved in the partition actions, but the case was transferred here without opinion for determination.

The plaintiff filed her praecipe for divorce in the Circuit Court on April 12, 1957. Summons issued and service thereof was had on Arthur F. Iversen on the same day. In her complaint, filed April 18, 1957, pursuant to leave granted, plaintiff alleged, among other things, that she and her husband were married September 18, 1943, and that five children were born of the marriage, all of whom were minors at the date of filing. The basis of the complaint was repeated cruelty. Iversen filed an answer admitting the mar-

riage and the birth of the children, but denying the cruelty charged.

On April 17, 1957, which was five days after the filing of plaintiff's praecipe, Chester Andree, also a defendant in this suit, obtained judgment against Iversen in the Superior Court upon two notes purportedly executed by him in favor of Andree, the notes being dated October 1, 1953 and October 6, 1953. Judgment was entered for $13,650.00 and costs. Andree made no attempt to collect the judgment until after proofs were closed by the master.

On June 21, 1957 plaintiff filed two partition complaints in the Superior Court in which she alleged that she and her husband, as joint tenants, were owners in fee of improved parcels of realty in Chicago. In each of the partition suits, Andree, the judgment creditor of Iversen, was named as a party defendant, and his judgment was described as an encumbrance against the real estate involved; and the complaints prayed for an adjudication determining whether or not Andree's judgment was a valid lien against the real estate. The partition suits were transferred to the Circuit Court and, by appropriate order, were consolidated with the previously filed divorce proceeding. By general order of reference the consolidated proceedings were, in their entirety, referred to a master in chancery of the Circuit Court. Various defendants, including the judgment creditor Andree, appeared, answered, and participated in the hearing before the master.

There were admitted without objection four judgment notes marked Plaintiff's Exhibits 9 through 12, two dated October 29, 1952, each in the amount of $5000.00, one dated November 20, 1953 and in the amount of $4000.00, and the final note dated March 20, 1954, in the amount of $1005.25. Dr. William Hejna testified: "I gave Iversen the money for these notes

47

in my home and Iversen gave me the notes at that same time."

Following this testimony, Arthur L. Ardonte, an employee of Horder's Stationery Stores, Inc., a Chicago office supply and stationery company, testified that he had been employed by Horder's for thirty years, and that as the person in charge of the printing of legal forms he was familiar with the methods by which Horder's records watermarks on its legal forms sold under the trade name of George E. Cole & Company; that on the notes which had been introduced in evidence and which Hejna and Iversen testified had been given by Iversen to Hejna on the dates they bore, there appeared a watermark cipher which established that the paper on which the notes had been printed had not been manufactured until the year 1956, some two to four years after the dates which the notes bore. This testimony was never rebutted. Counsel for Iversen stated in the record that he was caught by surprise and was not at that time able to rebut the testimony; he sought no continuance and made no subsequent effort to introduce countervailing proof.

On January 3, 1958, while the matter was pending before the master, plaintiff served upon Andree and Iversen a Request to Admit Facts, consisting of twelve items:

> "Pursuant to statute and rule of court, particularly Supreme Court Rule 18, you are hereby requested to admit the truth of the following relevant facts:
> "1. That the books and records of Arthur F. Iversen Company, an Illinois corporation, disclose that one hundred fifty (150) shares of the common capital stock of the company were issued to one Helen Andree on April 30, 1953.
> "2. That the books and records of Arthur F. Iversen Company, an Illinois corporation, dis-

48

close that that company received from said Helen Andree the sum of Fifteen Thousand Dollars ($15,000) in payment for the issuance to said Helen Andree of the said one hundred fifty (150) shares of the common capital stock of said company, all on or about April 30, 1953.

"3. That the books and records of Arthur F. Iverson Company, an Illinois corporation, disclose that that company redeemed from said Helen Andree the said one hundred fifty (150) shares of the common capital stock of that company; and that said company paid to said Helen Andree the sum of Fifteen Thousand Dollars ($15,000.00) as and for said redemption of said stock of said company; and that said redemption and payment therefor took place in the fall of 1955.

"4. That one Lloyd T. Clemetsen is a certified public accountant in Chicago, Illinois.

"5. That said Lloyd T. Clemetsen in the course of his work as a certified public accountant has audited the books and records of and has prepared the income tax returns for Arthur F. Iversen Company, an Illinois corporation, and Vivian Iversen and Arthur F. Iversen for at least three (3) years last past.

"6. That said Lloyd T. Clemetsen continues to be and is now the auditor for said Arthur F. Iversen and for said Arthur F. Iversen Company, an Illinois corporation.

"7. That said Lloyd T. Clemetsen has stated the fact to be that the said books and records of said Arthur F. Iversen Company, an Illinois corporation, do not disclose any funds received by said company from either or both said Helen Andree or Chester Andree since on or about April 30, 1953.

"8. That said Lloyd T. Clemetsen has stated the fact to be that the books and records of Arthur

49

F. Iversen individually do not disclose any funds received by said Arthur F. Iversen individually from either or both said Helen Andree or Chester Andree.

"9. That neither said Arthur F. Iversen Company, an Illinois corporation, nor said Arthur F. Iversen individually have received any funds from either or both said Helen Andree or Chester Andree other than the fifteen thousand dollars ($15,000.00) received as aforesaid by said company on or about April 30, 1953 in payment for the aforesaid issuance of the aforesaid stock.

"10. That the item of approximately twenty thousand dollars ($20,000.00) appearing on the books and records of said Arthur F. Iversen Company, an Illinois corporation, as due to Helen Andree or Chester Andree as of April 30, 1957 was placed in said books and records as of that date by said Lloyd T. Clemetsen at the specific direction of Arthur F. Iversen, and without other verification or support in the books and records of the said company or of Arthur F. Iversen individually.

"11. That said Arthur F. Iversen is not indebted to either Helen Andree or Chester Andree.

"12. That said Arthur F. Iversen Company, an Illinois corporation, is not indebted to either Helen Andree or Chester Andree.

"You are hereby requested to admit the truth of the foregoing relevant facts within ten (10) days of the date of the service upon you of this request."

In a special section of the master's report headed "Request to Admit Facts," the master set forth the request substantially verbatim and reported as follows:

"Upon objection of Mr. DuRocher, counsel for Mr. Andree, the motion was denied, and Mr.

50

DuRocher was given additional time within which to file an appropriate response to said request to admit facts. No such response was filed, and again, at a subsequent hearing, plaintiff's counsel's motion that such facts be admitted was again denied, and Mr. DuRocher, counsel for Mr. Andree, was again given time within which to respond to said request to admit facts. No such response has ever been filed, and the plaintiff's counsel has subsequently renewed his motion that said facts be deemed admitted.

"The defendant husband has never filed any response to the request to admit facts.

"Pursuant to Section 58 of the Civil Practice Act and Rules 18(1) and 19–12 of the Supreme Court of Illinois, the foregoing facts are hereby ruled by the Master as having been admitted by the defendants Arthur F. Iversen and Chester A. Andree."

In his "Conclusions of Law," with respect to the Andree judgment, the master reported that:

"1. The Court, by appropriate order, has referred to the Master the issue of the validity of the Andree judgment for hearing and report.

"2. The Request to Admit Facts, and the failure of either the defendant Chester Andree or the defendant Arthur F. Iversen to respond thereto, reinforce the conclusions reached by the Master in his Interim Report of June 20, 1958, wherein the Master concluded that the Court has jurisdiction of the subject matter and of the parties to the issues raised by the pleadings concerning the Andree judgment, and it is the Master's conclusion, therefore, that the validity of the judgment has been successfully challenged by virtue of the admissions of said Chester Andree and said

51

Arthur F. Iversen, created by their failure to answer the interrogatories, as set forth hereinabove at pages 25, 26 and 27.

"3. Said Chester Andree having submitted the question of the validity of said judgment to this Court in this cause, this Court has jurisdiction to enter an order vacating said judgment. (See Lord v. Hubert, 12 Ill.2d 83, 86, 87, 145 N.E.2d 77.)"

Plaintiff's Exhibit 6, the 1955-1956 Federal Income Tax Return of Arthur F. Iversen Company, corroborated the 1955 stock redemption from Andree in the amount of $15,000.00 by disclosing that the capital stock of the company was reduced in that amount by said sum from $55,000.00 to $40,000.00. The master accordingly recommended that an order be entered vacating the judgment by confession obtained in the Superior Court by Andree against Iversen. In addition thereto he found that plaintiff was entitled to a decree of divorce, custody of the children, child support, and certain property, and made his recommendations in conformity with his findings. Objections were filed to the master's report by both the plaintiff and Andree. The master's report was duly filed, and on hearing of exceptions before the chancellor the report was approved in all respects except with respect to the Andree judgment; as to that, the chancellor disapproved the report and held the judgment a valid and subsisting lien.

The principal question presented for decision is whether Andree's refusal to respond to plaintiff's Request to Admit Facts, made pursuant to Supreme Court Rule 18(1) (Ill. Rev. Stat. 1959, ch. 110, § 101.18), admitted the facts set forth in the request. If Andree did admit those facts, obviously the judgment is void. It became apparent on the hearing before the master that Iversen sought by various means to convince the master that his financial position was precarious and

that he was indebted to various creditors, and in the sharply contested divorce proceeding he sought all through the hearing to deprive his wife and children of their property rights. In pursuance of this course of action, he and Hejna testified that certain notes were executed by Iversen in 1952, 1953, and 1954 and remained unpaid in 1957 and 1958, when the hearings in the case were held. However, the undisputed testimony of Ardonte established the fact that the paper on which these notes were printed was not even manufactured until the year 1956. This, the master concluded, disposed of Iversen's contention in respect to his obligations to Hejna.

There remained, however, the question of a confession judgment obtained by Andree in the amount of $13,650.00 on April 17, 1957, five days after the plaintiff filed a praecipe for divorce and defendant Iversen had been served with summons. Plaintiff, relying on the provisions of Supreme Court Rule 18(1), served upon defendants Iversen and Andree her Request to Admit Facts, as heretofore set forth. If admitted, these facts, when analysed, disclose that the books and records of Arthur Iversen, individually, and of the Arthur F. Iversen Company, a corporation owned by Vivian and Arthur Iversen, carried 150 shares of common capital stock as issued to Helen Andree, wife of Chester Andree, as of April 30, 1953, and show that the company, on or about that date, received from Helen Andree, in payment for that stock, the sum of $15,-000.00; that the company redeemed the shares from Andree in the fall of 1955 by paying to him the sum of $15,000.00; that the books and records of Iversen, individually, and of the company were in charge of Lloyd T. Clemetsen, a certified public accountant who kept and audited the books and records, and prepared the income tax returns, and that at the time of the trial Clemetsen remained as such auditor; that Clemetsen

stated the fact to be that the books and records of the company and of Iversen, individually, did not show any funds received from either Helen or Chester Andree since April 30, 1953; that an item of approximately $20,000.00 appearing on the books and records of the company as due to Chester Andree as of April 30, 1957, which was subsequent to the filing of plaintiff's suit for divorce, was placed in those books and records by Clemetsen at the specific direction of Iversen and without verification or support in the books and records of Iversen, individually, or of the company; and that neither Iversen, individually, nor his company, was indebted to either Helen or Chester Andree. The 1955 repayment of the funds received in 1953 from Andree was further shown by the income tax return of the Arthur F. Iversen Company filed for 1955–1956 which disclosed that the capital stock of the company had been reduced by $15,000.00 from $55,000.00 to $40,-000.00 during the fiscal year. This tax return was admitted as plaintiff's Exhibit 6. As heretofore stated, the Request to Admit Facts served on January 3, 1958 was disregarded, notwithstanding the fact that Andree's counsel was twice given an extension of time in which to respond to the request. The record shows, and the master found, that no response was ever filed by either Andree or Iversen.

The recent case of City of Champaign v. Roseman, 15 Ill.2d 363, 155 N.E.2d 34, supports plaintiff's contention that Andree, by his refusal to respond to plaintiff's Request to Admit Facts, thereby admitted the facts set forth in the request. In passing on a similar situation in the Champaign case, the court said (p. 365) : "The only issues of fact raised by the answer were admitted by failure to deny or object to the requests for admission of facts provided for in Rule 18. Thus, all allegations of the complaint having been admitted, there were no remaining issues of fact." Such

an interpretation of this rule, which is based on Rule 36 of the Federal Rules of Civil Procedure, is in accord with its purpose, as explained in the Historical and Practice Notes written by Albert E. Jenner, Jr., and Philip W. Tone, Smith-Hurd Illinois Annotated Statutes (Civil Practice Act, ch. 110, § 101.18, pp. 129, 130) as follows: "The new rule completely reverses the burdens with respect to requests for admissions. The former rule penalized failure to respond to the admissions only by giving the court discretion to assess against the delinquent party the costs and expenses of proving the matter of which admission was sought. Under the new rule, on the other hand, the effect of ignoring the notice to admit is that the matters contained therein automatically stand admitted." As supporting this statement, counsel cite the Federal cases of Jeffe v. Monarch Life Ins. Co., 123 F. Supp. 173 (D. C. Conn.), United States v. Natale, 99 F. Supp. 102 (D. C. Conn.), and Bowles v. Batson, 61 F. Supp. 839 (W. D. S. Car.), aff'd Batson v. Porter, 154 F.2d 566 (4th Cir.). In accordance with Rule 18(1) and the foregoing decisions and comments, we think the master correctly held that the facts should be considered as admitted and that he properly recommended that the Andree judgment be vacated and set aside; the chancellor (who gave no reason for sustaining exceptions to the master's report as to this item) should have overruled the exceptions and followed the master's recommendation.

■ ■ Attorneys for the defendant appellee argue that the pleadings contain no allegation of fraud or wrongdoing in the securing of the judgment in question, and that plaintiff therefore was required to abandon her attack on the Andree judgment's validity, as set forth in an interim report of the master on June 23, 1958, to the effect that the judgment should be set aside because the divorce suit was pending (by praecipe

only, no complaint having been filed) when the Andree judgment was entered, and they say that the only pleaded claim of any kind against the Andree judgment is contained in plaintiff's petition for injunction to restrain the sale of real estate to satisfy the levy on such judgment, where plaintiff claimed on information and belief that the judgment was being used at the behest of and in connivance with plaintiff's husband to evade the authority of the court. It should be noted that in answer to this petition Andree filed a detailed motion to strike which was never ruled upon, the master shortly thereafter filing his interim report recommending that the injunction issue. It seems to us that the obvious answer to these contentions is that when plaintiff filed her partition suits, which were later consolidated with the divorce case, she put at issue the validity of the Andree judgment. Andree, by his counsel, appeared and answered the plaintiff's complaints and participated in the proceedings held before the master. There is no doubt that, under Illinois decisions, plaintiff had the right to test the validity of the Andree judgment, and that the chancellor in the instant case had the power to set the judgment aside upon its being successfully contested by plaintiff. Moore v. Zelic, 338 Ill. 583, 170 N. E. 664; Lord v. Hubert, 12 Ill.2d 83, 145 N.E.2d 77.

We find no valid reason justifying the chancellor in overruling the master's recommendation with respect to the invalidity of the Andree judgment. As the result of the chancellor's decision, plaintiff was precluded from making any proof as to the invalidity of the Andree judgment; the master, having determined that the facts set forth in the notice should be considered as admitted, took no further proofs with respect to the judgment—indeed, we think none were necessary. However, by his decision in sustaining exceptions to the master's report with respect to the judgment, the

chancellor swept aside the whole state of proof uncontradicted in the record.

The decretal order of March 17, 1959 was confined to the Andree judgment; for the reasons indicated, we have concluded that that decree should be reversed, vacated, and set aside, and the cause remanded with directions that a decree be entered in accordance with the master's recommendations.

Decree reversed, and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.