Virginia Szczawinski, Plaintiff-Appellant, v. Jerry Szczawinski, Defendant-Appellee.

Gen. No. 48,751.

First District, First Division.

October 8, 1962.

Eugene R. Ward, of Chicago, for appellant.

J. S. Nottingham, of Chicago (Howard C. Goldman, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a post-divorce decree proceeding, based on the aggravated denial by plaintiff, Virginia Szczawinski, of the visitation rights of the petitioner-defendant, Jerry Szczawinski, her former husband. Respondent-plaintiff appeals from an order placing their minor daughter in a boarding school.

The petition of the defendant husband, filed on November 16, 1961, shows that the divorce decree, entered some years before, awarded the care and custody of the child to plaintiff, its mother, with visitation rights to the defendant on each Sunday; that since July 16, 1961, the plaintiff violated the order of the court seventeen times, in refusing to allow defendant to visit with the child without reason or any notice to defendant; and that defendant had been before the court in excess of thirty times since the entry of the divorce decree, for the purpose of enforcing his visitation rights.

The order appealed from, entered November 16, 1961, recites that it was entered upon defendant's petition and motion for a rule to show cause why plaintiff should not be held in contempt for repeatedly violating the court's order, by interfering with the

visitation rights of the defendant. It ordered that the child of the parties, age six, "be immediately removed from the custody of the plaintiff and placed in a Catholic Boarding School," with visitation rights to plaintiff and defendant on alternate week ends. It was further ordered "that the minor child remain in said boarding school during the normal school year each year until she has completed her high school education." Thereafter, on December 12, 1961, the chancellor denied plaintiff's petition to vacate the order of November 16 and to return the child to her custody.

The only question presented is whether the contumacy of plaintiff, in failing to observe the visitation rights granted to defendant, can be used as the basis for a change in a child custody divorce decree award.

The record does not contain the evidence on which the instant order was entered. Plaintiff's petition to vacate the order alleges that she appeared in court on November 16, 1961, without counsel, and was told that the child was going to be placed in a Catholic girls' school; that no rule to show cause was entered; that the order does not find that she was in contempt and does not assess any punishment; that the order does not find that she was no longer fit to have custody, nor does it recite that any evidence was adduced on the motion as a basis for changing the award of custody or placing the child in a boarding school for twelve years.

Of necessity, child custody orders must be changed from time to time in the course of the minority of a child. The guiding star is and must be, at all times, the best interest of the child. (Nye v. Nye, 411 Ill 408, 105 NE2d 300 (1952).) The divorce decree granting custody is res adjudicata as to the facts which existed at the time of divorce, but may be changed from time to time as the best interests of the children demand; new conditions must arise to warrant the change, and it is usual in custody cases,

due to the tender years of the child and in consideration of its best interest, to entrust the care and custody to the mother, if a fit person. Each case stands on its own facts. Frank v. Frank, 26 Ill App2d 16, 19, 167 NE2d 577 (1960).

■ It is the policy of courts of review to recognize a broad discretion in a chancellor called upon to award custody of children, and perhaps even greater discretion is allowed in altering visitation privileges, but this policy cannot properly admit that a definite award of custody has no permanence or finality whatsoever. (Maupin v. Maupin, 339 Ill App 484, 492, 90 NE2d 234 (1950).) It has been repeatedly stated that "a decree fixing the custody of a child is final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child." Thomas v. Thomas, 233 Ill App 488, 493 (1924).

Visitation rights have been a continuous source of dispute between divorced parents. However, "unfitness does not follow conclusively from a failure to comply with rights of visitation or other orders which may be entered in a divorce proceeding. Nor can the child be used as a basis for punishing the contumacy of a party in a contempt proceeding, as appears to have been the case here. Nothing short of a hearing relating to unfitness and the interests of the child and a finding thereon is adequate support for an order changing custody. A child's welfare is at stake, and nothing is more injurious to that welfare than to have the child shuttled between contesting parents." (Bulandr v. Bulandr, 23 Ill App2d 299, 303, 162 NE 2d 585 (1959).) This statement aptly covers the situation here.

■ Every presumption is indulged in favor of a divorce decree. If its provisions are to be changed,

the burden of proof is on the party so moving to show why it should be done. (Martinec v. Sharapata, 328 Ill App 339, 344, 66 NE2d 103 (1946).) The instant order makes no finding of unfitness, nor does it recite anything from which that finding is implicit, nor does it show that it would be for the best interest of the six year old child to place it in a boarding school "until she has completed her high school education." It appears that the child was used as the basis for punishing plaintiff, her mother, for her alleged wilful disregard of the court's orders. We do not believe that this method of securing obedience to a court's order is for "the best interest of the child." We conclude that the record fails to show justification for a change of custody, and that the entry of the order was an improper use of the broad discretion vested in the chancellor and should be reversed.

We do not condone the conduct of plaintiff in repeatedly interfering with the visitation rights of defendant, but believe that what has happened should be sufficient warning to plaintiff that her continued disregard of the orders of court will not be countenanced or permitted.

For the reasons stated, the order appealed from is reversed.

Reversed.

BURMAN, P. J., concurs.

ENGLISH, J., took no part.