Joseph J. Flanagan, Plaintiff-Appellee, v. Rosemarie T. Flanagan, n/k/a Rosemarie T. Novak, Defendant-Appellant.

Gen. No. 53,429.

First District, Fourth Division.

March 25, 1970.

Theodore R. Sherwin, of Chicago (Sherwin & Sherwin, of counsel), for appellant.

Davis, Boyden, Jones & Baer, of Chicago (Joseph Winslow Baer, Phillip M. Citrin, and Rodney N. Johnson, of counsel), for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Defendant appeals from an order modifying the visitation provisions of a divorce decree.

The parties were divorced on April 29, 1959, in the State of Florida and defendant (plaintiff in the divorce proceeding) was awarded custody of their two sons, now age 12 and 13, subject to plaintiff's right of visitation at all reasonable times and places.

The parties remarried, plaintiff and his wife reside in New York City, and defendant and her husband live with the minor children in Skokie, Illinois.

On August 25, 1967, plaintiff filed a petition in the Circuit Court of Cook County and registered the foreign judgment of divorce. Plaintiff also requested the court to modify the visitation provisions of the decree so that the minor children could visit plaintiff in New York City, and plaintiff also requested the court to direct defendant to show cause why she should not be held in contempt for failure to afford plaintiff rights of visitation.

The record reflects that the proceedings consisted primarily of the statements of both counsel and brief testimony by the parties. Counsel apparently adopted each other's statement as stipulations of fact, except when infrequently an objection was interposed.

The issue before this court is whether the trial court abused its discretion in ordering that plaintiff have the right to visit with the children at his residence in New York City for 3 weeks each summer, 5 days during each alternate Christmas vacation, and for 5 days during alternate spring vacation.

Plaintiff is employed as a roofer and resides with his wife in New York City, where they occupy a 3½-room apartment with sleeping facilities for the children.

In 1957 plaintiff was intoxicated and was arrested for fighting. In 1958 his license was suspended for one year for driving a motor vehicle while intoxicated.

Plaintiff visited with the children for 4 months in 1959; there is no evidence to show whether he visited with them in 1960, but plaintiff did not visit with them in 1961. Plaintiff visited with them in 1962 and 1963, and in 1964 he visited with them in Florida and at his home in New York City. In 1965 the children again visited with plaintiff in New York City for one month and their maternal grandmother, a resident of New York City, participated in caring for them during this visit.

Defendant remarried in 1966 and her husband sought plaintiff's consent to adopt the children. Plaintiff's efforts to exercise his visitation rights in 1966 were denied him by defendant and in 1967 the parties appeared in court and the Chancellor granted plaintiff 4 days' visitation with the children and admonished the parties to amicably resolve the problems of plaintiff's visitation. In 1968 the bickering between the parties regarding visitation persisted and plaintiff then initiated the instant litigation.

OPINION

██ Defendant contends that plaintiff is practically a stranger to the children and his visits were not frequent enough to demonstrate any fondness, love or affection. This contention is not supported by the record. The chronology of plaintiff's visits do not evince conduct that could be construed as abandonment or lack of interest as is found in Huber v. Huber, 26 Ill App2d 207, 167 NE2d 431 (1960) relied upon by defendant.

The two instances of plaintiff's difficulties with the police as a result of his drinking both took place before

the parties' divorce and almost 9 years prior to the instant proceedings. There is no evidence of any consequence that the children will be adversely affected by visiting their father nor any evidence that the facilities are not suitable for their brief visits.

Defendant also complains that the trial court should have had the children in court to testify or otherwise manifest their views regarding the visitation modifications. The record reflects that at the close of the hearing the court in discussing the evidence revealed the court's inclination to rule in favor of plaintiff, but also added that the children were not produced in court. Defendant then offered to have the children present the following day, but the court observed it did not need the children at the instant proceeding, but inferred that if any disputes occur or there was an inability to adhere to visitation rights the court would require their presence.

In this court defendant concedes that plaintiff may visit the children but seeks to have the visitations limited to Cook County, Illinois. We presume, therefore, that defendant does not question plaintiff's fitness or right to exercise his visitation privileges or that the children are adverse to visiting with him, but that the principal argument is that the visits not occur outside this jurisdiction.

Defendant's belated offer to produce the children was precipitated by the court's comments which indicated a favorable order for plaintiff. Defendant made no offer of proof or any statement about the children's attitude regarding visits with plaintiff.

■ The presence and participation of children in litigation of this nature can be and generally is a very traumatic experience for them and the litigants. Their participation is not to be encouraged nor permitted if the Chancellor believes he has sufficient evidence upon

which to make a judgment that is in their best interest. We find that the court did not abuse its discretion under the facts and circumstances in this proceeding.

■ The trial judge has broad discretion in settling visitation rights. In Rodely v. Rodely, 28 Ill2d 347, 192 NE2d 347 (1963), at page 350 the court said:

> "The matters of child custody and visitation privileges rest largely in the broad discretion of the trial court, and it has been repeatedly stated that its determinations with respect thereto should not be disturbed on appeal unless a manifest injustice has been done."

In Szczawinski v. Szczawinski, 37 Ill App2d 350, 185 NE2d 375 (1962), at page 353 the court said:

> "It is the policy of courts of review to recognize a broad discretion in a chancellor called upon to award custody of children, and perhaps even greater discretion is allowed in altering visitation privileges . . ."

The court in Szczawinski, supra, also noted that visitation rights have been a continuous source of dispute between divorced parents.

In the case at bar it appears that the parties did not experience any disputes regarding visitation until defendant remarried.

■ We find that the trial court properly exercised its discretion in modifying the visitation provisions of the divorce decree and we affirm the judgment.

■ We note that defendant's pleadings asserted an affirmative defense which was not denied, and alleged that plaintiff was in arrears in support payments, and defendant sought a rule to show cause why plaintiff should not be held in contempt for a wilful failure to comply. However, this aspect of the pleadings was

not alluded to in the court below and thus was waived and cannot now be presented as an additional argument to charge the trial court with an abuse of discretion. The record does not show what action, if any, the trial court pursued in regard to this allegation of an arrearage in support payments.

Judgment affirmed.

ENGLISH and DRUCKER, JJ., concur.