TERRY E. SCHULTZ, Plaintiff-Appellant, *v.* DIANN M. SCHULTZ, Defendant-Appellee.

Third District   No. 75-405

Opinion filed May 20, 1976.

Thomas Senneff and Lester Weinstine, both of Morrison, for appellant.

Blodgett & Reese, of Rock Falls (Donald Blodgett, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Appellant Terry Schultz appeals from an order changing the custody of the four-year-old daughter of the parties, Darla Ann, from Terry Schultz to the mother, Diann Schultz.

From the record it appears that the parties to this action were originally divorced on December 4, 1974, in a proceeding initiated by plaintiff, in which defendant Diann Schultz agreed to the divorce and did not contest. By agreement of the parties, which was incorporated in the decree of the court at that time, custody of Darla Ann was vested in the father, with the right to liberal and reasonable visitation in the mother. A few months later, on September 10, 1975, the mother filed a petition which sought to modify the original grant of custody and in which the mother alleged repeated failures of the father to allow defendant to visit with the child. The trial court denied the petition as to change of custody but did order at such time, a specific schedule of visitation in an effort to arrange for compliance by the father with the terms of the original decree as to visitation.

Shortly thereafter, on October 27, 1975, the mother again filed a petition to change the custody of Darla Ann, and alleged that plaintiff was still willfully refusing to permit her any visitation rights despite the recent court order. The trial court heard the mother's testimony that when she went to visit according to the schedule, the father told her the child was sick, or that she had come too late, or he would even be absent from home with the child when the mother arrived. As a result of the hearing the court found that the plaintiff was in contempt for his violation of the decree and the September 10, 1975, court order. He was sentenced to jail for 30 days or until he would pay $250 in fees and surrender the child to the mother. The child was surrendered. The court also ordered the custody of the child to be transferred to the mother, Diann Schultz.

On appeal in this court, the father attacks the portion of the court order transferring custody of Darla Ann to the mother. He argues that the trial court could not so modify the custody provisions of the original divorce decree absent a showing of material change in circumstances. He contends that any violation of the court order regarding visitation was not grounds for a change of custody. He contends that the court is required to treat the original decree as *res judicata*. He also implies that the court neglected to consider the welfare and best interests of the child in making such decision.

It is well recognized that the trial court has continuing jurisdiction over a divorce decree and may modify the custody provisions when required. (Ill. Rev. Stat. 1973, ch. 40, par. 19.) The courts have generally imposed a requirement for custody modification to the effect that the party requesting the change ordinarily should show a material change in

circumstances since the entry of the previous decree which adversely affects the welfare and best interests of the child. *(Nye v. Nye* (1952), 411 Ill. 408, 415, 105 N.E.2d 300; *Randolph v. Dean* (3d Dist. 1975), 27 Ill. App. 3d 913, 915-16, 327 N.E.2d 423.) The only material change in circumstances, as apparently shown by the record, is that the father completely refused to comply with the decree which provided for liberal and reasonable visitation with the mother, or even to comply with the specific schedule fixed by the court as to such visitation. We recognize that some cases have stated that evidence of refusal of visitation rights would not ordinarily justify a transfer of custody. *(Eggemeyer v. Eggemeyer* (2d Dist. 1967), 86 Ill. App. 2d 224, 231-232, 229 N.E.2d 144; *Szczawinski v. Szczawinski* (1st Dist. 1962), 37 Ill. App. 2d 350, 185 N.E.2d 375.) In *Maroney v. Maroney* (3d Dist. 1969), 109 Ill. App. 2d 162, 171, 249 N.E.2d 871, we affirmed a transfer of custody where visitation rights were denied by the parent having custody, but we did have much evidence of poor care given the child in such case.

■■ The courts of this State have, however, concluded that when the original custody provision resulted from agreement of the parties and the court had not heard evidence originally as to what was in the best interests of the child, it should be allowed to hear all of the evidence *de novo* when one party subsequently petitions for modification. *Randolph v. Dean* (3d Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 423; *McDonald v. McDonald* (4th Dist. 1973), 13 Ill. App. 3d 87, 89, 299 N.E.2d 787.

In *Randolph v. Dean* we recognize the problems confronting a court when a question of change of custody is raised and where the court had not previously had any evidence of facts existing at the time of the original decree which would relate to the question as to whether or not there was a change in circumstances. The trial court in the instant case, however, had rather dramatic evidence of one change in circumstance which has existed, and that is the determined effort on the part of the father to keep the mother from having any visitation with the child. The father does not contend, on appeal, that the court improperly sentenced him to 30 days imprisonment as a result of his failure to adhere to the court's decree and direction as to visitation. Certainly, if he had been placed in jail for 30 days, custody would properly be vested, at least during such period, in the mother. In addition to such circumstance, the court had evidence that the father had lost his job and was not employed.

■■ Because of the unique circumstances which are present in the instant case and by reason of the fact that there apparently was no full dress inquiry as to the impact of a change of custody on the child, we believe that the child should remain in custody of the mother pending final determination by the trial court as to what is in the best interests of

the child, and that this cause should be remanded to the trial court for the purpose of conducting a hearing to ascertain whether a change of custody to the mother is in the best interests of the child and should be maintained. We, therefore, affirm the action of the trial court in its order, as a result of the contempt of court action and as to the child custody, but believe that the best interests of the child require that the court conduct a hearing to determine whether the best interests of the child require that the order vesting custody in the mother should be maintained.

We, therefore, affirm the action of the trial court but remand this cause for further proceedings to determine whether the change of custody to the mother is in the best interests of the child and should be maintained.

Affirmed and remanded.

STOUDER and STENGEL, JJ., concur.