WEST CENTRAL UTILITIES SERVICE CO., Plaintiff-Appellant, *v.* CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Defendant-Appellee.

Third District   No. 75-312

Opinion filed September 30, 1976.

Heyl, Royster, Voelker & Allen, of Peoria (William J. Becker, of counsel), for appellant.

O'Hern, O'Hern & Wombacher, of Peoria (C. V. O'Hern, Jr., and Randall Moon, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, West Central Utilities Service Co., has appealed from the trial court's order granting summary judgment for defendant. The cause of action was based upon a written contract between plaintiff and defendant upon which plaintiff claimed $49,735.49 was due. The substance of the contract, which consisted of several written documents, was that plaintiff would clear a right-of-way path for defendant in connection with the construction of electric lines in the Alto Pass and Cobden, Illinois area. Plaintiff filed a series of complaints, all of which were dismissed upon defendant's motions. Following plaintiff's second amended complaint defendant answered substantially denying all the allegations contained therein. Prior to answering the second amended complaint, defendant filed a request for admissions of fact. Plaintiff did not respond and in fact ignored the request for admissions which was properly served upon him.

The request for admissions was neither specifically denied nor was it objected to in any way.

The issue we must decide is whether a material issue of fact existed in this case and consequently was the summary judgment properly granted. For a summary judgment to be properly granted there must be no genuine issue of material fact to be submitted to the trier of fact. Defendant successfully contended in the trial court that plaintiff's failure to answer or object to the request for admissions of fact thereby admitted them. We agree that Supreme Court Rule 216 (Ill. Rev. Stat. 1973, ch. 110A, par. 216) dictates that result and is controlling in this appeal.

Plaintiff, in his brief, suggests two theories of recovery. In summary plaintiff's first theory is that material issues of fact existed as to whether plaintiff's conduct in performing certain work and defendant's conduct in accepting and allegedly orally ordering and agreeing to pay for the work gave rise to either an implied in law contract or an implied in fact contract. What might arguably be genuine issues of material fact does not arise in this case because of the implied admission of defendant's request for admissions of fact. That discovery document in pertinent part requested plaintiff to admit, "Plaintiff's claim in this case is for extra compensation for the work referred to in contract no. 1480."

Plaintiff is bound by its admissions and the claim that a triable issue of fact existed is without merit. Having admitted that the claim upon which the suit was founded was for work specifically referred to in the written contract and for which no additional payment would be due, and that the written contract was not modified in writing nor was a written authorization for extra work given, plaintiff's theory of recovery based upon a contract implied in fact or implied in law is groundless.

Next, plaintiff argues that the request for admissions of fact called for admissions to conclusions of law and therefore plaintiff was not required to either deny or object to them. (*La Salle National Bank v. Wieboldt Stores, Inc.*, 60 Ill. App. 2d 188, 208 N.E.2d 845 (1965).) We disagree and hold the requests were proper on their face and were admitted in the absence of their denial. (*Crum v. Gulf Oil Corp.*, 12 Ill. App. 3d 988, 299 N.E.2d 820 (1973).) The cited case of *Breault v. Feigenholtz*, 54 Ill. 2d 173, 296 N.E.2d 3 (1973), is distinguishable.

The only opposition plaintiff offered against defendant's motion for summary judgment was the affidavit of Michael Tilman, plaintiff's president. His affidavit refers to additional work which he contends was not intended to be a part of the written contract actually entered into by the parties. Such a statement is entitled to no weight in light of plaintiff's admission resulting from failure to respond or object to the request for admissions of fact.

For the reasons stated we hold the trial court properly entered summary judgment in favor of defendant as no genuine issue of material fact was present. The judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and STENGEL, J., concur.