BARBARA ANN SANDERS, n/k/a Barbara Ann Frail, Plaintiff-Appellee, *v.* LEELAND STANLEY SANDERS, Defendant-Appellant.

Third District   No. 77-200   .

Opinion filed December 13, 1977.—Rehearing denied January 19, 1978.

Arthur J. Inman, of Peoria, for appellant.

E. Michael O'Brien, of Hamm, Hanna & O'Brien, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is from the granting of the petition of the plaintiff Barbara Ann Sanders, now Barbara Ann Frail, to modify a divorce decree to change custody of a minor child, Lynn DeWayne Sanders from her former husband, Leeland Stanley Sanders, the defendant, to herself. Plaintiff originally filed a complaint for divorce from the defendant on January 24, 1973. Her complaint among other things alleged that one child, Lynn DeWayne Sanders, was born of the marriage and that the child was then four years old. The complaint was not verified and defendant Leeland Sanders did not file any answer. He did enter an appearance and waiver of service of process on January 29, 1973. Defendant further indicated that he received a copy of the notice of hearing on the divorce complaint heard on February 7, 1973. The cause

was taken under advisement until March 7 for the purpose of having an investigation of the defendant husband for child custody purposes. The investigative report was submitted on March 5, 1973, and was favorable to defendant having custody of the child. Subsequent thereto the Circuit Court of Peoria County entered a decree of divorce on March 7, 1973. The decree recited that the defendant was present in open court, that the court heard sworn testimony and was fully advised in the premises. The decree further recited as a finding by the trial court: "That the Plaintiff and the Defendant herein were lawfully intermarried in the County of Peoria and State of Illinois, on July 22, 1963, and that one (1) child was born as the result of said marriage, namely: Lynn DeWayne Sanders, a boy, approximately four (4) years old." The record indicates the defendant initialed each page of the divorce decree on the day it was entered.

On September 28, 1976, plaintiff filed a petition for rule to show cause and for modification of the divorce decree to remove custody of the child from defendant to plaintiff. In conjunction with the modification proceedings, and joined and consolidated therewith for hearing, was a neglect petition filed by the People of the State of Illinois regarding certain injuries to the child, Lynn DeWayne Sanders, which occurred while in the custody of the defendant. The trial court found after an extensive hearing that there had been a substantial change of circumstances regarding the minor child, that plaintiff was a fit and proper person to have the care, custody, control and education of the minor child and modified the divorce decree to change custody to the plaintiff.

Prior to a consideration of the merits of this case the trial court was presented with very unusual circumstances regarding pretrial discovery. The issues raised on appeal deal only with this pretrial discovery but we believe the full recital of the underlying facts of this case as set out above is necessary to a complete understanding of the issues now raised.

Defendant, as part of his pretrial discovery, served upon the plaintiff a request for admission of fact pursuant to Supreme Court Rule 216 (Ill. Rev. Stat. 1975, ch. 110A, par. 216). The request was for an admission by the plaintiff that she is not the mother of Lynn DeWayne Sanders, the minor child, who is the subject of this litigation. The request was properly served upon plaintiff, but she neither denied nor admitted, nor objected to, the request within 28 days or at any time thereafter. Defendant urged in the trial court, as he does on appeal, that plaintiff's failure to answer or object to the request, amounted to an admission that she is not the mother of the child and therefore she has no standing or right to the custody of the child.

Because of the consolidation of the State's neglect petition a guardian

ad litem was appointed to represent the minor. Prior to hearing the merits of the modification petition, the trial court heard arguments of counsel for both plaintiff and defendant and the guardian ad litem regarding plaintiff's standing after her refusal to either object or deny defendant's request for admission as to her maternity.

We are not aware of any Illinois cases wherein the maternity of a child was questioned under these circumstances in a post divorce decree proceeding. Defendant has cited two cases in support of his argument that plaintiff's failure to either deny or object to the request for admission within the 28 days prescribed by statute amounted to an admission and that she therefore has no standing. We are in general agreement with the principals announced in *West Central Utilities Co. v. Central Illinois Public Service Co.* (3d Dist. 1976), 42 Ill. App. 3d 5, 355 N.E.2d 349, and *Banks v. United Insurance Co. of America* (1st Dist. 1975), 28 Ill. App. 3d 60, 328 N.E.2d 167. Both those cases stand for the proposition that a failure to timely deny or object to a properly tendered request for admission of fact is an admission of the fact by the party served with the request. Supreme Court Rule 216 (Ill. Rev. Stat. 1975, ch. 110A, par. 216) provides that the sanction for a failure to deny the fact elicited by the request or to object to it is that the fact is admitted. In *West Central Utilities Co. v. Central Illinois Public Service Co.* (3d Dist. 1976), 42 Ill. App. 3d 5, 355 N.E.2d 349, the defendant pursuant to Supreme Court Rule 216 requested the plaintiff to admit that the work for which the suit was filed was for work specifically referred to in the parties' written contract, and therefore no additional payment for extra work was due. Plaintiff failed to timely deny or object to the request and we agreed with the trial court that he had thereby admitted the fact requested of him by defendant. The fact there requested was an answer to the underlying factual issue in dispute in the case. In *Bank v. United Insurance Co. of America* (1st Dist. 1975), 28 Ill. App. 3d 60, 328 N.E.2d 167, the defendant insurer requested plaintiff to admit certain facts and the authenticity of certain documents relating to whether the beneficiary's mother had been hospitalized within 2 years before the issuance of the policies, which if true would have voided the policies. Plaintiff there also failed to deny or object within 28 days of service of the request upon her and was deemed to have admitted the fact requested of her pursuant to Supreme Court Rule 216 (Ill. Rev. Stat. 1975, ch. 110A, par. 216). The fact which was requested of the plaintiff there also involved a material fact issue in the case. We believe that neither case referred to above should be applied even by way of analogy to the case at bar. Both *Banks* and *West Central Utilities Co.* are clearly distinguishable in that the very fact requested by the defendant to be admitted here by plaintiff had been decided by an earlier judicial determination involving both of the same parties. In their

earlier divorce proceeding the parentage of the minor child was one of the material issues to be decided. Under both the old Divorce Act and the new Marriage and Dissolution of Marriage Act the various circuit courts have jurisdiction over the children with respect to their support, questions of custody, and generally the effects of the dissolution of their parents' marriage upon the children's best interests.

Both plaintiff and defendant personally participated in the prior divorce proceeding. More importantly the trial court entered a judgment order for divorce and made a factual finding that Lynn DeWayne Sanders was born of the marriage of plaintiff and defendant. Neither party attacked that judgment by appealing within 30 days of its entry. (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a).) No section 72 petition was filed within 2 years of the judgment to vacate it on the ground of fraud. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) In short defendant participated in the prior divorce action and acquiesced in the finding that his ex-wife was the mother of the child. Defendant even initialed each page of the divorce decree which contained the finding of parentage which he now seeks to upset. We rely heavily upon the presumption of legitimacy and that the trial court formalized the legitimacy of this child. See *People ex rel. Smith v. Cobb* (1st Dist. 1975), 33 Ill. App. 3d 68, 337 N.E.2d 313.

■■ The court ordered sanction to be imposed for a failure to comply with discovery rests within the sound discretion of the trial court (*Urmoneit v. Purves* (2d Dist. 1975), 33 Ill. App. 3d 939, 338 N.E.2d 423), and Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219) also provides that the result should be just. (*Anderson v. City of Chicago* (1st Dist. 1975), 29 Ill. App. 3d 971, 331 N.E.2d 243.) In order to reach a just result in this case it is imperative that we not treat the technical admission of lack of maternity to operate against the best interests of the minor child. Unlike the typical case where the fact which is requested to be admitted is a material one upon which the outcome of the case may depend, this situation concerns the admission by failing to respond or object, which itself would be inconsistent with a prior final judgment in another suit between the same parties. We agree with the trial court and the argument of the guardian ad litem at the hearing that the doctrine of res judicata prevents the failure to deny or object to the request here to constitute an admission of the fact requested in defendant's discovery.

■■ We are also concerned with defendant's apparent change of heart between the time of the divorce and the proceedings appealed from. By seeking to have the plaintiff mother admit to a lack of maternity at this late date, when defendant had participated in the divorce and finding of maternity, borders on fraud. The record on appeal supports our conclusion that the divorce decree and finding that the child was born of the marriage of plaintiff and defendant was proper on its face. We will not

allow what amounts to naked allegations of fraud unsupported by positive evidence to cause the earlier judgment of the trial court in the divorce proceedings to be subject to attack now. Defendant is estopped by his conduct in the earlier divorce from asserting a lack of plaintiff's maternity. Therefore we hold that the request for admission drawn by defendant and served upon plaintiff was objectionable. We conclude that plaintiff did not have to deny or object to the request and that her inaction did not amount to an admission. Plaintiff had no duty to answer the request because the res judicata effect of the prior judgment precluded any resubmission of the issue of the child's parentage at a later date.

Defendant's reliance on the cases of *Randolph v. Dean* (3d Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473, and *Schultz v. Schultz* (3d Dist. 1976), 38 Ill. App. 3d 678, 347 N.E.2d 749, is misplaced. Language in both cases indicates that under certain circumstances in a post-decree divorce litigation it is appropriate for the trial court to inquire into facts existing at or prior to the decree. In *Randolph* the trial court went beyond the record of the prior divorce decree and avoided its res judicata effect where custody was the issue and the parties had an oral agreement as to custody which was not of record in the original divorce. In *Schultz*, also a modification-of-child-custody case, we concluded that the trial court could go beyond the original record and hold a trial de novo on the custody facts which could have been considered in the original divorce where the custody question was settled by the parties' agreement and the trial court had not heard any evidence on that issue. Such is not the circumstance in the present case. The record contains evidence that sworn testimony was heard, and the court was fully advised in the premises before entering judgment. There is no need in this case, as there was in *Randolph* and *Schultz*, to go beyond the record of the original divorce to discover the conditions and circumstances surrounding the trial court's initial award of custody in order to determine if there had been a substantial-material change of circumstances. Both cases are distinguishable.

We are also aware of the case of *In re Adoption of Weller* (3d Dist. 1977), 47 Ill. App. 3d 492, 362 N.E.2d 73, which is somewhat similar to the present case. In *Weller* we are concerned with an issue of paternity in an adoption proceeding where the paternity was sought to be established by a prior divorce decree. There was clear evidence there that the father as found in prior divorce decree could not possibly be the biological father of the child. We ruled that the parties could not perpetrate a fraud upon the court by using the prior divorce decree to upset a biological impossibility. The case at bar concerns different circumstances than were present in *Weller* and we believe the case is distinguishable. In an adoption proceeding, parentage, whether maternity or paternity, is a

material issue. In this case parentage had already been established and there appears to be no evidence of any fraud upon the court in the initial divorce proceedings. We also believe that parentage was not a material issue of fact in this case because of the res judicata effect of the divorce decree.

We are convinced that the best interests of the child demand that his legitimacy be protected from attack at this late stage. *Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.

For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.