HOMER G. DICKSON AND COMPANY, INC., Plaintiff-Appellee, *v.* JUAN BARRAZA, Defendant-Appellant.

Second District   No. 82—632

Opinion filed May 20, 1983.

Manuel Barbosa and Randy Johnson, both of Miller, Feda & Barbosa, of Elgin, for appellant.

Daniel J. Kramer, of Yorkville, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Juan Barraza, appeals from an order of the trial court which entered judgment on the pleadings against him and in favor of the plaintiff, Homer G. Dickson and Company, Inc. (Dickson), in the amount of $24,765 (plus costs) for an account stated between the parties.

The defendant contends on appeal that the trial court erred when it entered judgment on the pleadings in the sum of $24,765 (plus costs) in favor of Dickson and against Barraza for an account stated between the parties under count II of the plaintiff's complaint. In particular, the defendant maintains that the trial court incorrectly concluded that his failure to file a response to the plaintiff's request for admission of facts constituted an admission by the defendant of facts demonstrating, as a matter of law, the existence of an account stated between the parties. While admitting that he did not specifically file an answer or an objection to the plaintiff's request for admission of facts, Barraza nonetheless claims that his answer to the plaintiff's complaint, which, inter alia, denied the material allegations of count II of the complaint, constituted, in effect, a proper response to the request to admit facts.

Supreme Court Rule 216(a) provides that "[a] party may serve on any other party a written request for the admission by the

latter of the truth of any specified relevant fact set forth in the request." (87 Ill. 2d R. 216(a).) Under Rule 216(c), factual matters included in the request for admissions stand admitted unless the party receiving the request avails himself, within 28 days after service, of one of the alternatives set forth in the statute. The alternatives available to the receiving party are either to deny the matters sought to be admitted, to explain why the matters cannot be truthfully admitted or denied, or to present written objections that the contents of the requested admissions are privileged, irrelevant or otherwise improper. 87 Ill. 2d R. 216(c).

This court has adopted the position that a request to admit facts is a discovery procedure, and, therefore, the trial court has wide discretion in controlling it. (*Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78; *Illinois State Toll Highway Authority v. Humphrey Estate* (1978), 62 Ill. App. 3d 316, 326.) The requirements of Rule 216(c) are strictly applied in situations where the party to whom the request was directed did not file either a response, denial or objection; in those cases the courts have concluded that, because of the failure to comply with the provisions of Supreme Court Rule 216(c), the facts included in the request for admissions were deemed admitted. *E.g., City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 365; *Kothe v. Jefferson* (1982), 109 Ill. App. 3d 247, 249; *Bullock v. Adams* (1981), 102 Ill. App. 3d 379, 380, *cert. denied* (1982), 457 U.S. 1134, 73 L. Ed. 2d 1351, 102 S. Ct. 2961; *F. J. Pechman, Inc. v. Oldham* (1980), 86 Ill. App. 3d 1018, 1021; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 557-58; *West Central Utilities Service Co. v. Central Illinois Public Service Co.* (1976), 42 Ill. App. 3d 5, 6; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 62-63; *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 990; *Iversen v. Iversen* (1960), 28 Ill. App. 2d 45, 54-55.

■ In the case at bar, count II of the plaintiff's complaint alleged the existence of an account stated between the parties. (See *Protestant Hospital Builders Club v. Goedde* (1981), 98 Ill. App. 3d 1028, 1032.) Although the defendant filed an answer to the complaint on April 15, 1982, after the court had granted him leave to do so, he did not file a response to the request for admission of facts. Thus, the request for admissions was neither specifically denied nor objected to in any way. See, *e.g., West Central Utilities Service Co. v. Central Illinois Public Service Co.* (1976), 42 Ill. App. 3d 5, 6.

The defendant argues on appeal, as he did in the court below, that the trial court should have viewed his answer to the complaint, which, among other things, denied the material allegations of count II of the

complaint, as a response to the request for admission of facts and a specific denial of the facts set forth in the request.

The trial court rejected that analysis as do we. Defendant's pleading is denominated as an answer to the complaint and appears to be just that. More importantly, the specific factual matters which were articulated in the request to admit facts were not contained in the plaintiff's complaint; therefore, it is incongruous that the defendant's answer denying the material allegations of count II of the complaint could also be viewed as an answer to the request to admit facts and a denial of the particular facts stated in the request. To permit defendant's answer to the complaint to stand as a specific denial of the matters for which admissions were requested would be to abort the plain intent of Supreme Court Rule 216 (87 Ill. 2d R. 216). In light of the defendant's failure to file an answer to the plaintiff's request to admit facts, the trial court did not abuse its discretion in treating the requested facts as admitted. See *Iversen v. Iversen* (1960), 28 Ill. App. 2d 45, 54-55.

Because the defendant's failure to respond to the request to admit facts is deemed an admission on his part of the facts included in the request and since the admitted facts established, as a matter of law, that there was an account stated between the parties, the trial court properly entered judgment on the pleadings for the plaintiff and against the defendant, for no question of fact existed for the court's consideration. *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 365.

Parenthetically, we note that the defendant asserts on appeal that the plaintiff's motion for judgment on the pleadings was actually a motion for summary judgment. The statements of both the plaintiff and the defendant in the trial court belie that assertion, as does the order of the court below. It is manifest that the plaintiff moved for judgment on the pleadings pursuant to section 45(5) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45(5), which has been recodified as section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615(e)), and that the trial court granted judgment on the pleadings. Even if the summary judgment procedure had been employed in this case, the trial court's entry of summary judgment would have been proper given the lack of a triable issue of fact in light of the defendant's admission of facts which established that an account stated existed between the parties. See *F. J. Pechman, Inc. v. Oldham* (1980), 86 Ill. App. 3d 1018, 1021-22; *West Central Utilities Service Co. v. Central Illinois Public Service Co.* (1976), 42 Ill. App. 3d 5, 6.

The judgment of the trial court is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.