DONALD KING, Plaintiff-Appellant, *v.* JOHNNIE M. KING VANCIL, Defendant-Appellee.

(No. 75-174; ■■■■■■■■■■■

Fifth District—December 23, 1975.

Mitchell & Armstrong, Ltd., of Marion, for appellant.

Elmer Jenkins and Jeff Troutt, both of Benton, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the plaintiff-appellant, Donald King, from an order of the Circuit Court of Franklin County entered on March 31, 1975, awarding parental custody of the two minor children to Johnnie M. King Vancil, defendant-appellee. The appellant was granted specific visitation rights with the children.

The appellant appeals on two grounds: the trial court did not have the power to enter the order of March 31, 1975, awarding the care and custody of the two minor children to appellee; and the March 31, 1975, order was against the manifest weight of the evidence.

On January 29, 1974, the appellant filed his complaint for divorce and appellee filed an entry of appearance, waiving the issuance of a sum-

mons and consenting that an immediate default might be entered against her. On the same day the court granted a divorce to the appellant, and the decree stated that the appellant "shall have the care, custody, control and education of Sean Alun King and Devin Joseph King, subject to the right of reasonable visitation by the defendant [appellee], Johnnie M. King."

On March 19, 1974, the appellee filed a petition to modify the divorce decree asking for the care and custody of the children with reasonable visitation rights for the appellant. An answer was filed by the appellant who then filed a cross-petition asking the court to fix the times and dates during which appellee would be entitled to exercise her reasonable visitation privileges. As a result of the two petitions filed by the litigants, a hearing was held on May 20, 1974.

The appellee testified at the hearing that she had remarried and she and her husband were in the process of buying a home which would be adequate for her family including her two sons. Her husband has three children by a previous marriage and they frequently visit their father. Appellee contended at the hearing that the appellant was not cooperating in arranging for her to have visitation rights. The fact that she had re-married and could now provide a home for the children prompted her to petition the court for the change in custody. The mother of the appellee testified that her daughter was a good mother and that she and her husband were about to move into a new home.

Besides himself, appellant's stepfather, his present wife and a lady who lives behind the home of the appellant all testified on behalf of the appellant. Appellant's wife has a daughter, age 5, who lives with them. The appellant testified that immediately following the divorce he did not think it advisable for appellee to see the children. The mother first saw them 2 months later. He said it was not his intention to deprive appellee of visitation rights and that the children seemed comfortable with his present wife although they had been married only a week.

At the conclusion of the hearing, the court stated that the appellee should have rights of visitation, but the custody should remain with the appellant. The dates and the times of visitation were set out in the order signed by the judge on May 23, 1974, which also contained the following language:

> "That this cause stand continued and the parties hereto are ordered to return into this court at 9:00 a.m. on October 1, 1974 for further evaluation by this Court of the results and effect of this modification order with reference to the best interests and welfare of said children."

The appellee appeared before the court on October 1 and 8 and

December 12 and 27. The appellant appeared on October 8 when the court referred the case to an investigator for the Department of Children and Family Services who was to report to the court. On December 31, 1974, the court filed an order pertaining to the custody of the children as the result of a hearing on December 27, 1972. There is no transcript of this hearing in the record but the court order dated December 31, 1975, indicates that at the hearing the report and recommendation of the Department of Children and Family Services was received along with the testimony of the appellee. However, this order was set aside on February 27, 1975, because appellant had filed a petition for rehearing. The rehearing was conducted on March 3, 1975, and the judge entered his order of March 31, 1975. The judge stated that at the conclusion of the hearing on March 3, 1975 that his decision was not based upon any testimony heard by him at the hearing on December 24, 1974, when appellant was not present.

The March 31 order provided that the appellee shall have custody during the weekdays, and the appellant shall have custody during the weekends. The cause was also continued to September 3, 1975, when the parents were to return to court for further evaluation. It is from this order that appellant has brought his appeal.

The Illinois Divorce Act authorizes the court from time to time to make alterations in the custody of children as circumstances change and the best interest of the children may require. (*Jenkins v. Jenkins,* 81 Ill.App. 2d 67.) However, it has long been recognized that the decree in the divorce case is final as to conditions then existing at the time the decree is entered.

■■ It is unusual for the trial judge to incorporate in the modification order a provision which continues the case to a subsequent date and time so that the court can further evaluate the results of the modification order. We believe the better practice would be to follow the statute (Ill. Rev. Stat. 1973, ch. 40, § 19):

> "The court may, on *application,* from time to time, terminate or make such alterations in the * * * care, education, custody and support of the children, as shall appear reasonable and proper." (Emphasis supplied.)

We appreciate the concern of the trial judge in attempting to make certain that he is making the best decision for the interests of the children. This is probably one of the most difficult and important tasks a trial judge undertakes. However, the children and the parents are certainly entitled to a certain degree of finality and conclusiveness when an order of custody is entered. Custody of children is the most important aspect of divorce, and this matter should not be subject to frequent modifications

where the order was not conditional with respect to such changes. It would be a better and more orderly policy for the trial court to conduct a custody hearing as the result of a written petition having been filed by one of the parents, setting out the specific reasons why a change in custody should be granted.

It is true that the trial court is clothed with a large discretion in child custody matters and a reviewing court is reluctant to interfere with the trial court in its exercise of such latitude of choice. However, in postdecree proceedings for the modification of child custody provisions of the divorce decree, the discretion of the trial court is a judicial discretion limited to the pleadings and proof pertaining to a change in circumstances which affect the welfare of the child, sufficient to warrant the modification of the decree. Every presumption is indulged in the validity of the decree and if its provisions are to be changed, the burden of proof is on the moving party to show why the change should be made. *Szczawinski v. Szczawinski*, 37 Ill.App.2d 350.

■■ As was stated in *Vysoky v. Vysoky*, 85 Ill.App.2d 306, 309-10:
    "To justify a modification of the decree and a change of custody, the evidence must establish that the parent to whom the children were originally awarded is unfit to retain custody or that a change of conditions makes a change of custody in their best interest. Stickler v. Stickler, 38 Ill.App.2d 191, 186 N.E.2d 542 (1962). The party seeking to alter the custody provisions has the burden of proving that the children's best interest requires such a change (Hirth v. Hirth, 59 Ill.App.2d 240, 207 N.E.2d 114 (1965)) for the paramount concern must always be the welfare of the children. Dunning v. Dunning, 14 Ill.App.2d 242, 144 N.E.2d 535 (1957)."

At the hearing on March 3, 1975, the court limited the hearing to two witnesses: a social worker with the Department of Children and Family Services and the appellant. The court thought this was necessary as the appellant had not been present at the December 27, 1974, hearing, and the appellee did testify at that hearing. The social worker, Richard Tauber, did not testify as to any conclusion that the appellant was not a fit and proper person to have custody of his children. Tauber stated that both houses were in "good order" and there were no financial problems present. He further stated that there appeared to be no indications of instability with reference to the marital relationship between the husband and wife in each household. The only negative finding that Tauber found was the attitude of appellant and appellee towards each other which was of a personal nature. The appellant's testimony consisted solely of the nature of his work and the arrangement of his working hours.

■■ In the instant case, the judge found that both parents were fit and

proper persons to have custody of the children, but made a statement in the record at the close of the March 3, 1975, hearing that he was awarding custody to the appellee because of the age of the two boys, 6 and 3. He was of the opinion that they should be living with their mother as she would show more solicitude and care to them as their mother. There is no rule in Illinois that unless she is shown to be unfit, custody should be given to the mother. (*Carlson v. Carlson*, 80 Ill.App.2d 251.) Furthermore, our 1970 Illinois Constitution provides that equal protection of the law shall not be denied or abridged because of sex. (Ill. Const., art. I, § 18 (1970).) Consequently, the court's reasoning is not supported by the law.

■■ The appellee maintains that the change in her circumstances, *viz.*, her remarriage, her new home, and her present husband's employment and income justify the judge's decision to award her custody of the children. As to appellee's changed marital status, it has been held that this is not sufficient cause to change the custody of children unless it proves that the children's welfare would be affected thereby. (*Eggemeyer v. Eggemeyer*, 86 Ill.App.2d 224, 231.) It is necessary that there be a positive demonstration by the person deprived of custody that the change is necessary for the welfare of the children. The record is devoid of any evidence submitted by the appellee on this point.

■■ There is no question raised by the appellee as to the fitness of the appellant to care for the children. No effort was made to show any change or deterioration in the conditions of the appellant's home since he was originally awarded custody on January 29, 1974. The judge did not make any adverse findings concerning the present care of the children. The burden of proof to show that a change in custody was for the best interests of the children rested with the appellee. She did not meet that burden. There was complete absence of any proof.

For the foregoing reasons there was no legal basis to alter the custody provisions of the order of May 23, 1974, and the order of March 31, 1975, which is the basis of this appeal is reversed. The court will enter an order reinstating the order of May 23, 1974, modifying the divorce decree.

Order reversed and remanded with directions.

EBERSPACHER and G. J. MORAN, JJ., concur.