*In re* MARRIAGE OF BARBARA JEAN BALTIERRA, Petitioner-Appellant, and RONALD J. BALTIERRA, Respondent-Appellee.

First District (1st Division)   No. 79-795

Opinion filed August 11, 1980.

Krebs & Langowski, of Chicago (Thomas G. Krebs, of counsel), for appellant.

Wiczer & Nakon, Ltd., of Chicago (Richard J. Nakon and D. Rainell Rains, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This case involves the modification of the custody provision of a divorce decree pursuant to section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)). On

appeal the following issues have been presented for review: (1) whether the modification of the custody provision of the decree of divorce was contrary to section 610(b); (2) whether the order of change of custody was against the manifest weight of the evidence; and (3) whether the court erred in refusing to rule upon petitioner's motion for a rehearing that the change of custody was not within the requirement of section 610(b). For the following reasons we reverse and remand.

On April 4, 1974, respondent, Ronald Baltierra, and petitioner, Barbara Jean Baltierra,[1] were divorced, and custody of the two minor daughters of the parties, to wit, Martina, born March 6, 1972, and Robin, born August 11, 1973, was awarded to Barbara Jean Baltierra.

Petitioner remarried in 1974 to Jeff Weimer, and this second marriage ended by divorce in May 1977. Petitioner has again remarried to Joseph Kozar, and they are both employed on a full-time basis and rent a home in Justice, Illinois.

Respondent-appellee, Ronald Baltierra, was remarried in 1976 to his present wife, Dorothea, and they own a home in Chicago where Mr. Baltierra is employed as a carpenter earning approximately $400 per week. Dorothea is not employed.

When petitioner was first married to Mr. Weimer, respondent saw the two minor children on Saturdays according to the terms of the divorce decree. After a time the children were left with him more frequently. Petitioner told respondent that she was having a hard time handling the children and taking care of them, so she would drop them off at respondent's home two or three times a week. In April 1976, petitioner left the children with respondent and informed him that she would sign custody over to him. In August 1976, petitioner and respondent agreed that petitioner should resume physical custody of the children. In November 1976, petitioner requested respondent to again resume custody of the children because she was having emotional problems. During the time when petitioner relinquished the custody of the children to respondent, she did not communicate nor attempt to visit with them. While living with respondent and his wife, Dorothea, the minor children said they were unhappy with their mother and that they would rather live with their father.

In July 1977, petitioner took the children back and respondent filed his petition to change custody in September 1977. The petition sought an order modifying the custody provisions of the decree of divorce and alleged, *inter alia*, that petitioner was not a fit and proper person to have the care, custody and control of the minor children, that petitioner had

---

[1] The parties in their briefs and the lower court have interchanged the terms respondent and petitioner. For purposes of this opinion, Ronald Baltierra will be referred to as respondent and Barbara Baltierra will be referred to as petitioner.

abandoned the children, that petitioner had failed to return the children to their father as agreed to in July 1977, that there had been a change in the circumstances, and that visitation rights had been denied since July 1977. Petitioner filed an answer to said petition denying the allegations.

Prior to the hearing an investigation was made by Cook County Supportive Services, and at the hearing the investigator testified that, based upon his investigation, the children should be placed in the home of their father. On the basis of the evidence at the hearing and the recommendation of the investigator, the court entered the following order on November 2, 1978, transferring custody to respondent:

"THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:

1. That on April 30, 1976, the respondent [Barbara Jean Baltierra] did voluntarily abandon custody of the two minor children of the parties to the Petitioner [Ronald J. Baltierra] for a period of approximately four months.

2. That in or about November, 1976, the Respondent did voluntarily abandon custody of the minor children of the parties to the Petitioner, such abandonment continuing to and including July 30, 1977.

3. That Respondent wholly failed to communicate or attempt to visit with said minor children during the period of said abandonment.

4. That Respondent has suffered from emotional problems necessitating counseling with several physicians and psychologists, which problems have impaired Respondent's relationship to her children and her ability to care for said children.

5. That the Respondent has shown a decided lack of stability in her personal, professional and marital relationships thereby impairing her relationship to her children and her ability to care for said children.

6. That the Petitioner has remarried, has shown a consistent interest in the well-being and raising of the minor children and has shown the stability in his personal, professional and marital relationship that are most conducive to raising the minor children of the parties.

7. That the Respondent has shown the lack of consistent parental interest in the minor children of the parties thereby adversely affecting her relationship to the children.

8. That in light of the above findings of fact, and consideration of all of the relevant factors affecting the minor children in their relationship to the parties herein, and the testimony adduced at trial, that it is in the best interests of the minor children of the

parties that the sole care, custody, control and education of the said minor children be awarded to the Petitioner herein."

A motion for a rehearing was filed from said order and denied, and this appeal followed.

Petitioner-appellant contended below and has renewed her contention in this appeal that the order modifying the custody provisions of the two minor children is contrary to the requirements of section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)). Section 610(b) provides as follows:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighted by its advantages to him."

Recently the Illinois Supreme Court considered this same issue of a change in custody in the case of *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499, which was published after the filing of the briefs in this case. The court considered the history of section 610(b) and noted the conflicting appellate court opinions. In the opinion the court stated:

"We believe that section 610(b) of the Illinois Marriage and Dissolution of Marriage Act, like section 409(b) of the uniform act, reflects an underlying policy favoring the finality of child-custody judgments, and making their modification more difficult. The policy evident in the commissioners' notes is also apparent in the provision of section 610(a) that '[n]o motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.' (Ill. Rev. Stat. 1977, ch. 40, par. 610(a).) The aversion to custody changes is further manifested by the requirement in section 610(b) that the custodian previously appointed shall be retained absent the

conditions specified in sections 610(b)(1), (2) or (3). By creating a presumption in favor of the present custodian, the legislature has sought to promote a stability and continuity in the child's custodial and environmental relationships which is not to be lightly overturned.

In view of these provisions, we do not believe that the legislature intended to allow modification of child-custody judgments without a finding by the trial court that one of the statutory prerequisites existed. Furthermore, absent such a judicial finding, a court of review would be unable to determine the basis for a modification order and would be left to speculate on the grounds relied upon by the trial judge. This does not appear to us to have been the intended result of section 610. Only if the trial court sets forth explicit findings that subsection (1), (2) or (3) applies, can the appellate courts intelligently review trial court judgments and the exercise of such trial court discretion as remains in this area." 77 Ill. 2d 414, 420-21.

Applying the test in *Harne* to the instant case, we consider whether the requirements of section 610(b) to make explicit findings were satisfied here. We believe that the test was not met. Respondent-appellee has not cited or called to our attention any reference in the record as to any explicit findings with respect to section (1), (2) or (3) of the Act nor does an examination of the written order disclose any such specific findings as required by section 610(b). It follows that the trial court findings in the present case were inadequate and fall short of the requisite essentials of 610(b) and the standards set forth in *Harne*. Therefore, a rehearing is hereby ordered. See also *In re Custody of Stearns* (1980), 84 Ill. App. 3d 195, 405 N.E.2d 457; *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831.

Accordingly, we vacate the order of the circuit court of Cook County entered on November 2, 1978, and remand the cause to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.