*In re* MARRIAGE OF JOHN C. BATCHELOR, Petitioner-Appellant, and ALICE M. BATCHELOR, Respondent-Appellee.

Third District    No. 79-812

Opinion filed October 31, 1980.

Winston J. Block, of Cirricione, Block, Krockey & Cernugel, of Joliet, for appellant.

Kurt A. Leinweber and Roy A. Sabuco, of Rudman & Sabuco, of Joliet, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Petitioner-appellant John Batchelor appeals from a judgment of the circuit court of Will County denying his petition to transfer custody of his two minor children during the school year from respondent-appellee Alice Marshall (formerly Alice Batchelor). The only issue on review is whether the judgment of the circuit court is against the manifest weight of the evidence.

Petitioner and respondent were married on August 10, 1970. Two sons were born of this marriage, John and Burt Batchelor. In addition, Mrs. Batchelor had two daughters by a previous marriage, Melissa and Christy Brothwell, who were apparently never legally adopted by John

Batchelor. On January 6, 1975, the Batchelors separated. Following an *ex parte* proceeding initiated and pursued by John Batchelor, a divorce decree was entered in the circuit court of Will County on August 11, 1975. The decree awarded custody of all four children to the petitioner. At the time of the divorce John was four years old, and Burt three.

On August 31, 1976, pursuant to a petition brought by Alice Batchelor under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), the divorce decree of August 11, 1975, was vacated with regard to the custody of the four minor children, and an order was entered awarding joint care, custody and control of the children to both John and Alice Batchelor. However Alice, who was then living in El Paso, Texas, was awarded actual custody of the children during the school year. John was awarded actual custody during the summer, or vacation, months.

On August 16, 1978, John Batchelor filed a petition in the circuit court of Will County to transfer child custody. In his petition he alleged that since August of 1976 a material change in circumstances had occurred mandating modification of the prior custody determination. Among the changed circumstances were, *inter alia*, John Batchelor's remarriage to Debra Batchelor, a graduate of Illinois State University with a bachelor of science degree in elementary education and five years' teaching experience, and John and Burt's poor performance in school. With regard to the Batchelor children's school performance, the petition specifically alleged "that John Batchelor is experiencing major reading educational deficiencies in school; Burt Batchelor is experiencing auditory problems and memory problems in school, and is approximately two (2) years behind his peers in some subjects, and Debra Batchelor is ready, willing, and able to help these minor children with these problems." The petition also stated that although John Batchelor loves all of the children, including Melissa and Christy Brothwell, financial constraints limited the request to a transfer of the care and custody of John and Burt only. Following a hearing held on September 22, 1978, the circuit court declined to take physical custody of John and Burt from Alice Batchelor. However, noting that the difficulties the children were having in school were of "paramount importance to this Court," and that Alice testified at the hearing that facilities were available in El Paso to assist the two boys, the court's order, of December 21, 1978, was conditioned upon Alice taking "the necessary steps to provide the professional help that their disabilities require." Accordingly, the matter was set for a status review. Subsequently, on April 23, 1979, Alice Batchelor filed with the court a number of letters from John and Burt's teachers indicating that both children were progressing well in school. One of the letters from Patricia Winter, a speech pathologist at the White school, stated that both John and Burt were currently enrolled in speech therapy classes.

On August 1, 1979, John Batchelor filed the instant petition, again seeking a transfer of child custody. Following a hearing, the petition was denied on August 31, 1979. It is from the judgment of the circuit court that petitioner appeals.

■■ In *In re Marriage of Poston* (1979), 77 Ill. App. 3d 689, 396 N.E.2d 576, this court stated the applicable standard of review with regard to modification of child custody judgments:

> "It has long been an established general rule that custody matters are within the discretion of the trial court because it is in the best position to hear and evaluate the evidence. We have stated previously that, given this discretion, a judgment of the trial court in custody matters will not be set aside unless it is shown that there was an abuse of discretion. (*Caulkins v. Caulkins* (1979), 68 Ill. App. 3d 284, 288, 385 N.E.2d 1117.) An abuse of discretion is shown when the judgment of the circuit court is found to be palpably erroneous, contrary to the manifest weight of the evidence, or manifestly unjust. (*Caulkins v. Caulkins*; *Savre v. Savre* (1978), 61 Ill. App. 3d 11, 377 N.E.2d 850; *Comiskey v. Comiskey* (1977), 48 Ill. App. 3d 17, 366 N.E.2d 87; *Wells v. Wells* (1976), 36 Ill. App. 3d 488, 344 N.E.2d 37.)" (77 Ill. App. 3d 689, 692, 396 N.E.2d 576, 579-80.)

Further, the discretion given to the trial court in matters of child custody is tempered by the desire for finality in child custody judgments and a presumption in favor of the current custodian. *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499; *Hofmann*.

The petitioner asserts that the custody involved in the instant case is temporary custody, and as a consequence section 610(b) of the Illinois Marriage and Dissolution of Marriage Act, which sets forth criteria for the modification of a custody judgment, is inapplicable. (Ill. Rev. Stat. 1979, ch. 40, par. 610(b); *Doyle v. Doyle* (1978), 62 Ill. App. 3d 786, 379 N.E.2d 387.) We disagree. The custody judgment of August 31, 1976, which created the arrangement by which Alice Batchelor would have physical custody of all four children during the school year, and John Batchelor actual physical custody during the summer vacation months, is the custody judgment John Batchelor is now seeking to have modified. The order of December 21, 1978, although conditioning Alice Batchelor's continued retention of physical custody during the school year upon her efforts to obtain special help for the boys' learning difficulties, did not alter the basic arrangement created by the 1976 custody judgment. Further, we do not interpret John Batchelor's petition to be a petition for temporary custody governed by sections 602(a) and 603(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 602(a), 603(a)). As he did once before in 1978, the petitioner is seeking modi-

fication of the prior 1976 custody judgment which, although awarding joint custody, gave actual physical custody of the four children during the school year to Alice Batchelor. Consequently, section 610(b) of the Illinois Marriage and Dissolution of Marriage Act governs here.

■■ Section 610(b) of the Act provides:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Modification of a prior custody judgment under 610(b) requires a two-step approach. First, the petitioner must satisfy the "jurisdictional prerequisites" of subsections (b)(1)—(3). (Ill. Ann. Stat., ch. 40, par. 610, Historical and Practice Notes, at 95 (Smith-Hurd (1980)); *In re Custody of Dallenger* (1977), 173 Mont. 530, 534, 568 P.2d 169, 172.) Second, only after the conditions set forth in one of these three subsections have been met, consideration is to be given to the best interest of the child under section 602(a). *In re Custody of LaMarca* (1979), 78 Ill. App. 3d 26, 397 N.E.2d 31.

■■ Reviewing the record in light of the requirements of 610(b) set forth above, we do not believe the denial of the father's petition to transfer custody of John and Burt from the former Alice Batchelor (now Alice Marshall) is against the manifest weight of the evidence adduced at the hearing. In fact, there is no evidence that the respondent's custody of the two sons during the school year is so detrimental to their educational progress that modification of the prior custody judgment is warranted. The petitioner makes much of the fact that John Batchelor's composite SRA test score was in the bottom 5% nationally. The petitioner and Debra Batchelor testified as to what they have done and would do to attempt to improve this score. However, there is no evidence in the record that Alice Marshall did not make the same efforts. With regard to the boys' school grades from the 1978-79 academic year, Burt received all above-average grades, while John received all A's and B's with one exception, that being in

"language." However, John had been attending resource and speech therapy classes in Texas during the 1978-79 school year, and Mrs. Marshall testified that she would make every effort to obtain a similar class for him in the State of Washington, where she had moved with her new husband, Loren, by the time the August 1979 hearing was had. When asked to comment on the facilities available in Washington to help John with his speech difficulties, Debra Batchelor admitted on direct examination that "they are more than adequate." Mrs. Marshall also testified that she read to her two sons every night and would assist them in their homework. She attended all teacher conferences that she was asked to attend, and did all that she was asked to do by her sons' teachers. We do not think these facts warrant a modification of the prior custody decree.

Petitioner also makes much of the fact that the respondent has had several residences since her divorce, and that Mrs. Marshall was remarried during the summer to a man whom the children have never met. We do not believe that these circumstances bear heavily on the issue raised in the instant case. Although Mrs. Marshall has lived, by our count, in seven places since her divorce from Mr. Batchelor in 1975, five of those residences were located within the city limits of El Paso, Texas, and there is no indication in the record that these moves have had an adverse effect upon John and Burt's educational progress. With regard to Alice's remarriage, we understand the unhappiness of all four children upon being told by their mother of her marriage during the summer of 1979 to a man with whom they had not yet formulated a father-child relationship. However, their temporary disconsolation will not necessarily have an effect upon the ability of Loren and Alice Marshall to provide a happy, stable home and a quality education for them.

We have also given consideration to the fact that both sons admitted *in camera* that they preferred to stay with John Batchelor, and that both of the Brothwell daughters agreed that it would be best if John and Burt were to be with their father during the school year. Although preference of the children should be given serious consideration in custody modification proceedings (*Caulkins v. Caulkins* (1979), 68 Ill. App. 3d 284, 385 N.E.2d 1117; *Savre v. Savre* (1978), 61 Ill. App. 3d 11, 377 N.E.2d 850), the children's statements regarding their custodial preferences must be received in light of the fact that the hearing in this cause was held shortly after the children's three-month stay with John and Debra Batchelor. In addition, the reasons given by the children for their preference were basically unconnected with the ability of Mr. Batchelor to afford John and Burt a better education than that currently provided by their mother.

It is readily apparent from a reading of the record that John and Debra Batchelor love John and Burt Batchelor very much, and are deeply

concerned about their progress in school as well as their overall health and well-being. However, viewing the evidence presented at the hearing in light of the requirements of section 610(b) of the Illinois Marriage and Dissolution of Marriage Act, we do not believe the judgment of the circuit court in denying Mr. Batchelor's petition to modify the prior custody judgment and award to him physical custody of John and Burt Batchelor during the school year was against the manifest weight of the evidence.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Judgment affirmed.

STOUDER and STENGEL, JJ., concur.