*In re* MARRIAGE OF SUSAN ELLEN STRADER, Petitioner-Appellant, and RAYMOND I. STRADER, Respondent-Appellee.

Fifth District    No. 80-346

Opinion filed October 19, 1981.—Rehearing denied December 2, 1981.

780

KASSERMAN, P. J., dissenting.

Randall A. Bono, Ltd., of Wood River (William R. Haine, of counsel), for appellant.

Dunham, Boman & Leskera, of East St. Louis (John W. Leskera and Russell K. Scott, of counsel), for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The petitioner, Susan Ellen Strader, appeals from an order entered May 7, 1980, granting permanent custody of her two sons to respondent, Raymond I. Strader. When the parties were divorced in April 1979, Susan Strader was awarded custody of Brett, age 7 and Jason, age 2. On June 12, 1979, Raymond Strader filed a motion to modify the custody judgment. The court entered a temporary order granting the motion on the basis of an affidavit submitted by Mr. Strader, describing his former wife's inability to care for the children. She agreed to this arrangement because she was ill. The temporary order read as follows:

"By agreement of the parties, and for the best interests of the children as determined by the parties, the temporary custody of the parties' children is hereby placed with Respondent Raymond I. Strader, subject to reasonable visitation with the children by the Petitioner.

All child support obligations are suspended until further Order.

The cause shall be set for review in six (6) months from the date of entry hereof to consider the then best interests of the children and the circumstances of the parties."

As dictated by the terms of this order, the parties scheduled a hearing to review the arrangements six months later, on January 2, 1980. Subsequently, the trial court issued findings of fact and awarded permanent custody of the boys to their father. Susan Strader appeals from that decision, challenging it as against the manifest weight of the evidence and contrary to law. We have reviewed the record carefully and determined that an error occurred. We reverse and remand on the grounds that the trial court failed to apply the proper standard and to make the explicit findings as required by law.

In the order from which Susan Strader appeals, the trial court made the following preliminary determination:

"The first problem presented to this Court was which standard was to be used in determining the issues herein. After hearing the argument of counsel, this Court determined that Section 610 of Chapter 40 was not applicable to this proceeding. The language of 'best interests' and the fact that the June 29 order spoke in terms of temporary custody led the Court to this conclusion."

We hold that it was error for the court to determine that section 610 of the Illinois Marriage and Dissolutions of Marriage Act did not apply. (Ill. Rev. Stat. 1979, ch. 40, par. 610.) The trial court chose to apply the "best interest of the child" standard, appropriate for initial hearings or temporary custody orders. (Ill. Rev. Stat. 1979, ch. 40, pars. 602 and 603.) The present litigation, however, is neither a motion for temporary custody nor an initial custody determination, but rather a modification of the original custody order. As such, the trial court's authority to modify is governed by the dictates of section 610. (*In re Marriage of Batchelor* (1980), 89 Ill. App. 3d 781, 783-84, 412 N.E.2d 49.) The correct standard to be applied is contained within the statute.

Sections 610(a) and 610(b) of the Act, entitled "Modification," set forth the guidelines to be followed when a change of custody is sought. Section 610(a) establishes a two-year waiting period during which applications for modification of a prior child custody award are prohibited. The only exception to this legislative mandate for custodial continuity is an "emergency situation." A hearing to grant an emergency modification is available to a party making an initial showing, by affidavit only, that the child's present environment may seriously endanger his physical, mental, moral, or emotional health. Though section 610(a) empowers a court to grant a hearing, the ultimate determination at that hearing must be made within the section 610(b) framework. Section 610(b) requires that, first, petitioner must establish a change of circumstances. A court may not modify a custody award unless it finds, based on facts arising since the prior decree or facts unknown at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian which necessitates the modification to serve the child's best interests. (*Rippon v. Rippon* (1978), 64 Ill. App. 3d 465, 467, 381 N.E.2d 70.) Second, petitioner must show that the modification would, in fact, serve the best interests of the child. Even then, the original custodian must be retained unless one of the prerequisites of section 610(b), subsections (1) through (3), are satisfied. The original custodian must either agree to a change of custody (subsection (1)), or consent to the child's integration into the noncustodial household (subsection (2)), or the petitioner must show that the child's present environment endangers seriously his physi-

cal, mental, moral or emotional well-being and the harm likely to be caused by a change of environment is outweighed by its advantage to him (subsection (3)).

Thus, modification of a prior custody judgment under 610(b) requires a two-step approach. The court must first find that petitioner met one of the requirements of subsections (1) through (3); then it must apply the "best interests" standard. *Gargus v. Gargus* (1981), 97 Ill. App. 3d 598, 606, 423 N.E.2d 193, 199.

Prior to the enactment of the Marriage and Dissolution of Marriage Act in 1977, there was some authority that a modification petition could be heard *de novo* if the original custody judgment had been entered by stipulation. (*Schultz v. Schultz* (1976), 38 Ill. App. 3d 678, 680, 347 N.E.2d 749.) But section 610 now forecloses that practice. All modifications must meet the statutory requirements of section 610, regardless of whether prior custody was achieved by stipulation of the parties (*Gargus*), by conditional order (*Batchelor*), or by grant of physical custody with custodial parent's consent (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499). We know of no rule authorizing the trial court to modify an original custody order without first complying with section 610 guidelines. In fact, the Illinois Supreme Court requires that trial courts make specific findings under either subsections (1), (2) or (3) of section 610(b). As was stated in *Harne*:

"[E]xplicit findings by the trial court on points (1), (2) or (3) are not only 'of aid to a court of review,' but are indispensable requirements of the statute." (77 Ill. 2d 414, 420.)

In noting their aversion to modifying custody decrees, the supreme court identified the tone of 610(b) as one actually creating a presumption in favor of the present custodian, and held that a finding under 610(b)(1) through (3) is necessary before an original custody award may be changed. (77 Ill. 2d 414, 421.) In the present dispute, appellee argues that the court effectively made a finding under 610(b)(2). While the trial court mentions in its order that the "children have established themselves in respondent's home," this alone does not satisfy the dictates of *Harne* or the requirements of the statute, particularly since the court stated on the first page of its order that it would not be bound by the standard of section 610.

Whether we view the present litigation as a modification hearing following the entry of a section 603 temporary order or a modification hearing pursuant to a section 610(a) emergency motion, there still exists the requirement that the court apply the standard contained in section 610(b) before applying the "best interests" standard. Therefore, we reverse and remand to the trial court with instructions to follow the guidelines for modification of custody as detailed in the statute.

Reversed and remanded.

WELCH, J., concurs.

Mr. PRESIDING JUSTICE KASSERMAN, dissenting:

I cannot agree with the conclusion of the majority that section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610) requires a reversal of the decision of the trial court in this cause; therefore, I respectfully dissent.

The majority concludes that section 610 of the Act prohibits the trial court in the case at bar from considering an application to modify its child custody order within two years after the entry of such order, holding that the court must "first find that petitioner met one of the jurisdictional requirements of subsections (1) through (3) [of section 610(b)]" and then apply the " 'best interests' standard." Section 610 of the Act provides in pertinent part that:

"(a) No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him.

(c) * * *."

The record in the case at bar indicates that the respondent's motion to modify the custody judgment was based at least in part upon an affidavit submitted by respondent describing petitioner's inability to care for the children and, additionally, petitioner's agreement to the change because she was ill. On June 29, 1979, the court entered an order which recited that

custody of the children was being changed by agreement of the parties. Such order provided that the cause would be reviewed in six months to consider "the then best interests of the children and the circumstances of the parties."

At the final custody hearing on May 7, 1980, the court entered an order in which it stated that section 610 of the Illinois Marriage and Dissolution of Marriage Act was not applicable to the proceedings and stated that "[t]he language of 'best interests' and the fact that the June 29 order spoke in terms of temporary custody led the Court to this conclusion."

Although the trial court held that section 610 of the Act was not applicable, I am unable to conclude that the language of the court order, when read in its entirety, does not comport with the provisions of section 610 of the Act.

In section 610(a) of the Act it is provided that no motion to modify a custody judgment may be made earlier than two years after its date, unless the court permits such application to be made on the basis of affidavits indicating that the child's present environment may endanger seriously its physical, mental, moral or emotional health. I can envision few circumstances more clearly indicating compliance with this subsection than the instant case, in which a motion to modify custody supported by an affidavit has been filed, indicating petitioner's inability to care for the children and accompanied by petitioner's consent to the arrangement because she was ill.

The temporary custody provision was reviewed after six months, and on May 7, 1980, the court entered the order which ultimately resulted in the instant appeal. In such order the court recited that it felt that "Petitioner did not act responsibly or in the children's best interests when she left them with Respondent from May 25, 1979 until the order was entered on June 29, 1979 changing custody." Additionally, the court found it to be to the best interests of the children that their permanent custody be placed with respondent and stated: "The children have established themselves in Respondent's home, and by all indications, are well adjusted and physically and mentally sound, although affected by the stress caused by lack of security in their living situation and their ultimate custody."

Thus, the trial court found that petitioner did not act responsibly or in the children's best interests and that the children had established themselves in respondent's home. While the court did not frame its findings in the express statutory language of section 610(b) of the Act, to require it to do so would be to require form over substance. An examination of the record in the instant case establishes the following: (1) the initial change in custody was made by agreement of petitioner, which is sufficient cause to

change custody under section 610(b)(1) of the Act; and (2) the court found that the children were "established" in respondent's home, also being sufficient grounds to change custody under section 610(b)(2) of the Act.

Finally, it is noteworthy that the court in *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499, referred to the commissioners' note to section 409 of the Uniform Marriage and Divorce Act, which is the equivalent of section 610 of the Illinois Marriage and Dissolution of Marriage Act. Our supreme court there quoted with approval that portion of such note which states:

> " 'Subsection (b) in effect asserts a presumption that the present custodian is entitled to continue as the child's custodian. * * * Any change in the child's environment may have an adverse effect, even if the noncustodial parent would better serve the child's interest. * * *.' 9A Uniform Laws Annotated sec. 409, Commissioners' Note (1973)." (77 Ill. 2d 414, 420, 396 N.E.2d 499, 502.)

In the case at bar, respondent, not petitioner, was the custodian of the children. After her surrender of their custody to respondent, petitioner became the noncustodial parent. The portions of the order of the trial court quoted above indicate that court's hesitancy to remove the children from the custody of respondent in whose home they were "established," a consideration declared to be fundamental by the Uniform Act commissioners.

For the foregoing reasons, I would affirm the judgment of the trial court.