*In re* MARRIAGE OF DIANE KONDOS, a/k/a Diane Kasik, Petitioner-Appellee and Cross-Appellant, and PHIL K. KASIK, Respondent-Appellant and Cross-Appellee.

First District (3rd Division)   Nos. 81—1819, 81—2097 cons.

Opinion filed September 29, 1982.

Shea, Rogal & Associates, Ltd., of Berwyn, and DiNatale & Montemurro, of Oak Park (Gerald W. Shea and Ánthony M. Montemurro, of counsel), for appellant.

Ben Goldwater, of Chicago (Michael W. Rathsack, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Both Diane Kondos, formerly known as Diane Kasik, and Phil K. Kasik appeal from an order of the circuit court of Cook County dated July 22, 1981, which awarded them joint custody of their minor son Philip. The court also ordered that Diane was to have possession of Philip from the date of the order until August 1, 1982, with possession to alternate between the parents thereafter on a yearly basis. This court has stayed said order pending this appeal.

On April 19, 1974, Diane filed her complaint for separate maintenance or, in the alternative, for divorce. At that time she was approximately 3½ months pregnant with Philip. Philip was born on September 8, 1974. The custody and support of Philip has been the subject of continuous litigation between the parties.

On July 28, 1977, the trial court entered a judgment for divorce in which it found that both Diane and Phil were fit and proper persons to have custody of Philip. Pursuant to the terms of a settlement agreement, the court awarded the parties joint custody of Philip, with physical possession to Diane.

On December 18, 1978, Phil filed a petition in the trial court to modify the custody provision in the judgment for divorce. He asserted that Diane moved with Philip to Oregon without his or the court's permission[1] and that certain conduct of Diane was detrimental to the mental and physical well-being of Philip. On that day the trial court entered an *ex parte* order awarding Phil temporary custody of Philip. On January 10, 1979, the court entered an order directing Diane to return Philip to this State and to the custody of Phil. On February 16, 1979, Phil went to Oregon and brought Philip back to Illinois.

On March 28, 1979, the trial court entered an order awarding Diane temporary custody of Philip; allowing Diane to return to Oregon with Philip; ordering Diane to return Philip to Illinois on June 16; and directing a social service investigation of the parties.

Subsequently, the trial court conducted a hearing in which the court heard the testimony of Diane, Nicholas Kondos (Diane's husband), Phil, Phil's parents and two case workers from social service agencies. On July 18, 1979, the trial court ordered that the joint-custody provision of the judgment for divorce be maintained and that Phil be awarded possession of Philip. The court continued the matter for reconsideration and review to August 20, 1980. The court further held that this order was final and that there was no just reason to delay its enforcement or appeal. There was no appeal from this order.

On September 22, 1980, the trial court continued the matter of custody of Philip to June 16, 1981, for reconsideration and full hearing. The court further ordered that the social service reports concerning the custodial arrangements of the parties be updated for said hearing.

On April 20, 1981, Diane filed a petition for a psychiatric evaluation of Phil and Philip in order to assist the court in its determination of the custodial issue. On May 19, 1981, the trial court ordered Diane, Phil and Philip to undergo a psychiatric evaluation by Dr. Misha Zaks.

On June 16, 1981, the trial court conducted a hearing in which the court heard the testimony of Diane, Phil, Phil's father, and Dr. Misha Zaks, the clinical psychologist. The court also interviewed Philip in chambers.

---

[1]Diane married Nicholas Kondos on November 25, 1978, in Portland, Oregon.

Dr. Zaks testified extensively concerning his testing and interviews of the parties. In summary, Dr. Zaks found that although both Diane and Phil have some psychological problems, both parties love their son and are good parents. Dr. Zaks reached no conclusion concerning what custodial arrangement would be in the best interest of Philip. He did state that more contact with Diane would benefit Philip.

The trial court found that Philip needed the love and companionship of both of his parents. On July 22, 1981, the court awarded the joint custody of Philip to Diane and Phil in accordance with the judgment for divorce. The trial court further ordered that Diane and Phil be awarded alternate physical possession of Philip on a yearly basis. Both parties appeal from this order.

The first issue we must address is Phil's argument that the trial court erred in modifying the final custody judgment of July 18, 1979, without making the findings required by section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)). That section provided that:

> "The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:
>
> (1) the custodian agrees to the modification;
>
> (2) the child has been integrated into the family of the petitioner with consent of the custodian; or
>
> (3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."[2]

Only after one of the prerequisites set forth in subsections (b)(1) through (3) has been established does the court proceed to consider the best interest of the child under section 602(a) of the Act. Ill. Rev. Stat. 1979, ch. 40, par. 602(a); *In re Marriage of Gargus* (1981), 97 Ill. App. 3d 598, 423 N.E.2d 193.

Diane contends that section 610(b) is inapplicable since the July 18, 1979, order was only a temporary ruling on custody. She points

---

[2]This section has been amended by Public Act 82—715, effective July 1, 1982.

out that the language of the order together with the comments of the court reveal the judge's intention to make said order temporary.

An order is temporary or final according to its substance, not its form. (*In re Marriage of Herron* (1979), 74 Ill. App. 3d 748, 393 N.E.2d 1153.) As this court noted in *Carroll v. Carroll* (1978), 64 Ill. App. 3d 925, 382 N.E.2d 7:

> "[I]n an effort to achieve a situation which is beneficial to the children, a trial court cannot avoid the possible consequences of an order by making all orders temporary 'experiments' to see which set of circumstances will result in the best living conditions for the children. (See *Pratt v. Pratt* (1975), 29 Ill. App. 3d 214, 330 N.E.2d 244.) As noted in *King v. Vancil* (1975), 34 Ill. App. 3d 831, 834-35, 341 N.E.2d 65, 68:
>
> > '[A child custody award] is probably one of the most difficult and important tasks a trial judge undertakes. However, the children and the parents are certainly entitled to a certain degree of finality and conclusiveness when an order of custody is entered. Custody of children is the most important aspect of divorce, and this matter should not be subject to frequent modifications where the order was not conditional with respect to such changes.' "

64 Ill. App. 3d 925, 929-30, 382 N.E.2d 7, 10-11.

■■ Although the trial court did characterize its order as temporary, we believe it is clear that the court made a final custody decision on July 18, 1979, following a full evidentiary hearing on that issue. The finality of the order is further evidenced by the fact that almost two years elapsed before the trial court reconsidered its award of custody.

Since the July 18, 1979, order was a final custody judgment, the trial court could not modify it without making explicit findings that either subsection (1) (2) or (3) of section 610(b) was applicable. (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499.) No such findings were made in the instant case. Thus, the order of July 22, 1981, which modified the final custody judgment of July 18, 1979, is hereby reversed.

In accordance with the judgment for divorce entered on July 28, 1977, the joint custody of Philip is to remain in Diane and Phil; and pursuant to the terms of the July 18, 1979, order, Philip shall remain in the possession of Phil.

Phil also argues that the trial court's order of May 19, 1981, was erroneous. In that order the trial court ordered Diane, Phil and Philip to undergo a psychiatric evaluation by Dr. Zaks and ordered Phil to

pay a portion of Dr. Zaks' fees.

■ Supreme Court Rule 303(c)(2) provides that the notice of appeal must specify the judgment or part thereof appealed from. (73 Ill. 2d R. 303(c)(2).) Phil's notice of appeal contained no reference to the May 19, 1981, order. Thus, this court lacks jurisdiction to review said order. See *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 429 N.E.2d 465, *cert. denied* (1982), 456 U.S. 905, 72 L. Ed. 2d 162, 102 S. Ct. 1751.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby reversed.

Reversed.

WHITE, P. J., and McNAMARA, J., concur.