*In re* CUSTODY OF JOANNE CARTER *et al.* (David Carter, Petitioner-Appellee, v. Barbara Carter, Respondent-Appellant).

Second District   No. 84—0897

Opinion filed October 18, 1985.

Robert P. Booth, of Booth & Doyle, of Montgomery, and Randy K. Johnson, of Alms & Miller, Ltd., of Barrington, for appellant.

Angelo Ruggiero, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The respondent, Barbara Ritz, formerly Barbara Carter, appeals from the August 21, 1984, judgment of the circuit court of Du Page County which transferred the custody of her two daughters, Joanne and Jeanette, to her former husband, David Carter, the petitioner. On

appeal, respondent argues: (1) that the judgment was against the manifest weight of the evidence; (2) that she was denied a fair trial by the trial court's numerous incorrect evidentiary rulings; and (3) that she was denied a fair trial in that the trial court abandoned its position of neutrality and became an advocate for petitioner.

The parties were married in August of 1976. On April 5, 1983, the marriage was dissolved by a decree in the circuit court of Du Page County, and custody of the parties' two children was awarded to respondent. On March 21, 1984, petitioner filed a motion to modify the prior custody judgment. After a hearing the trial court granted petitioner's motion on August 21, 1984. The court's order made only two specific findings of fact, stating:

"1. That petitioner, DAVID CARTER, has presented clear and convincing evidence of a change in circumstances since the entry of the judgment sufficient to justify modification of the judgment insofar as custody of the minor children, Joanne Carter and Jeanne Carter, are concerned.

2. That it is in the best interest of the children that custody be vested in the petitioner, DAVID CARTER ***."

Since we hold that the judgment is void due to the insufficiency of these findings, no further recitation of the facts is necessary.

The modification of a prior child custody judgment is governed by section 610 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1983, ch. 40, par. 610). Prior to July 1, 1982, section 610 read in part:

"Sec. 610. Modification. (a) No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." Ill. Rev. Stat. 1979, ch. 40, par. 610.

Under this statute, subsection (a) established a two-year waiting period during which applications for modification of a prior child custody award were prohibited except in "emergency situations." (Ill. Ann. Stat., ch. 40, par. 610, Historical and Practice Notes, at 94 (Smith-Hurd 1980).) The emergency exception was invoked by a petitioner making an initial showing, by affidavits only, that the child's present environment endangered seriously his physical, mental, moral or emotional health. Although section 610(a) empowered a trial court to grant a hearing, the ultimate decision at that hearing had to be made within the standards set forth in section 610(b). *In re Marriage of Strader* (1981), 101 Ill. App. 3d 779.

Under section 610(b), the trial court could not modify a prior custody judgment unless it found that a change in circumstances had occurred and that the modification was in the child's best interests. Further, the court was precluded from modifying or transferring custody unless one of the statutory prerequisites delineated in subsections (b)(1) through (b)(3) existed. (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779.) However, if the court failed to make expressed findings on these matters, its order modifying custody was void. *In re Custody of Harne* (1979), 77 Ill. 2d 414; *In re Marriage of Kondos* (1982), 109 Ill. App. 3d 615; *In re Marriage of Godwin* (1982), 104 Ill. App. 3d 790; *In re Marriage of Sweet* (1982), 104 Ill. App. 3d 738; *In re Marriage of Strader* (1981), 101 Ill. App. 3d 779; *In re Marriage of Neeld* (1981), 96 Ill. App. 3d 40; *In re Marriage of Baltierra* (1980), 87 Ill. App. 3d 592; *In re Custody of Ehr* (1979), 77 Ill. App. 3d 540.

Section 610 was amended twice in 1982 (Pub. Act 82—715, sec. 1, eff. July 1, 1982; Pub. Act 82—1002, sec. 2, eff. Sept. 17, 1982) and currently reads in part:

"Sec. 610. Modification. (a) Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) After the expiration of the 2 year period following a custody judgment specified in subsection (a) of this Section, the court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that

have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, *** and that the modification is necessary to serve the best interest of the child." Ill. Rev. Stat. 1983, ch. 40, par. 610.

A comparison between the two versions reveals that the current statute broadens the basis upon which modification may be made by no longer restricting the trial court to the criteria previously set forth in subsections (b)(1) through (b)(3). (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779.) The amended version, however, applies this liberalized standard only to modifications made after two years from the date of the last custody judgment. This is contrary to the prior version, where the subsection (b) standards applied to all modifications, whether filed before or after the two-year date. In limiting the current subsection (b) to motions filed after two years, it is apparent that the legislature has inadvertently failed to amend subsection (a) to state what standards to apply for emergency motions filed within two years.

■■ ■ In construing a statutory enactment, the prime consideration is to give effect to the intent of the legislature, and the judiciary possesses the authority to read language into a statute that has been omitted through legislative oversight. (*People v. Scott* (1974), 57 Ill. 2d 353; *Carey v. Elrod* (1971), 49 Ill. 2d 464; *People v. Hudson* (1970), 46 Ill. 2d 177; *People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305.) The reenactment of subsection (a) shows a clear legislative intent that modifications be allowed within two years only in emergency situations where the child's present environment endangers his physical, mental, moral or emotional health. It would make little sense to require a preliminary showing of endangerment if that was not one of the standards to be applied later at trial. Further, the reenactment of subsection (b)'s requirements: (1) that a petitioner prove that a change of circumstances of the child or custodian has occurred, (2) that a petitioner prove that the modification is necessary for the child's best interest, and (3) that the trial court make specific findings on these facts, shows that the legislature did not intend to abandon these requirements for child custody modifications. While the legislature may have inadvertently failed to add these standards to subsection (a), we hold that they also apply to modifications filed within two years.

■ In the present case, the trial court specifically found that a change of circumstances had occurred and that the best interests of the children would be served by a modification of custody. The trial

court, however, failed to make any specific finding that the children's present environment endangered seriously their physical, mental, moral or emotional health. As stated previously, the court's failure to expressly make the required findings renders its judgment void and requires that this case be reversed.

Petitioner argues that the findings are sufficient under *In re Marriage of Cotton* (1984), 103 Ill. 2d 346. In *Cotton* the court upheld a custody modification under the prior section 610(b) where the trial court made similar findings that a change of circumstances had occurred and that the modification was in the best interests of the child. In *Cotton*, however, the court noted that the trial judge stated in the record that the case was "a horrible episode of child abuse." (103 Ill. 2d 346, 357.) Petitioner fails to point out any similar statement in the present record which could be considered a finding of endangerment. *Cotton*, therefore, does not support petitioner's argument.

For the reasons stated above, the judgment of the circuit court of Du Page County is reversed. Since we reverse this case because of the insufficient findings, we need not address the issues raised by respondent.

Reversed.

UNVERZAGT and STROUSE, JJ., concur.